## REBB AYRES V. THE STATE.

No. 9614.    Delivered January 27, 1926.

Rehearing granted May 12, 1926.

**1.—Rape—Evidence—Withdrawn From Jury—Harmless Error.**

Where, on a trial for rape, the court admitted testimony, and afterward instructed the jury to not consider same, under the facts presented in this case, the error in admitting the testimony was harmless.

**2.—Same—Argument of Counsel—Improper—Not Reversible.**

Numerous objections were directed by appellant to the arguments of

counsel for the state, which were not a proper discussion of the case, but in view of the fact that the court sustained objections to each of these arguments, and instructed the jury not to consider them, and in view of the further fact that a penalty which is not deemed excessive under the facts in the case was assessed, we do not feel justified in reversing the case on this ground.

3.—Same—Argument of Counsel—Bill of Exception—As Qualified—No Error Presented.

Where appellant complains of the argument of counsel for the state in his statement to the jury that "Your verdict is not so much to punish him as to deter others." This statement would have been erroneous, but the bill as qualified by the court that the statement of counsel actually made was that "The object of the law is not only to punish the guilty, but to deter others from committing like crimes," was a correct legal proposition, and presents no error.

4.—Same—Continued.

By another bill appellant complains of the private prosecutor, in referring to the defendant as this "lecher, rapist, and seducer," was qualified by the court with the statement that what was really said by counsel was that "the facts in this case, if believed, make out the defendant a seducer and rapist of the purest flower of womanhood." Appellant is bound by the qualification of his bill, if accepted by him, and, as qualified, his bill presents no error.

5.—Same — Evidence — General Reputation of Prosecutrix — When Admissible.

Where, on a trial for rape, the appellant had attacked the general reputation for chastity of prosecutrix, there was no error in permitting the state to prove that her general reputation in that respect was good.

6.—Same—Continued.

Where a bill of exception complains of the admission of testimony as to the general reputation of prosecutrix for chastity, and lady-like conduct, the bill being directed to the testimony in its entirety, the fact that her general reputation for lady-like conduct not being singled out and her general reputation for chastity being admissible, the bill of exception fails to show any error in refusing to exclude the entire question. When a bill of exception is directed to all of the testimony of a witness and a part of same is admissible, no error is presented.

ON REHEARING.

7.—Same—Evidence—Held Insufficient.

On rehearing, appellant earnestly insists that the evidence in this case is wholly insufficient, and upon a careful re-examination of the record we must agree with his contention. The surrounding facts as testified to by prosecutrix, that she, a virgin, was ravished by appellant in the same room with appellant's wife, on a bed occupied by prosecutrix, her twelve-year-old sister, and a daughter of appellant, and within plain view of a bed occupied by prosecutrix's mother and father, staggers human credulity in its acceptance, and the further fact that prosecutrix was not heard to complain of the purported act until seven months later, when her pregnancy was apparent, constrains us to hold that the evidence does

not support the verdict, and the cause on rehearing is reversed and remanded. See Donohue v. State, 79 S. W. 309, and other cases cited.

Appeal from the District Court of Van Zandt County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of rape, penalty eight years in the penitentiary.

The opinion states the case.

*Butler, Price & Maynor* of Tyler, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry Jr.*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is rape, and the punishment is eight years in the penitentiary.

The prosecutrix was sixteen years old at the time of the alleged offense and she testifies that the act of intercourse took place at the appellant's home in the night time while she and her father and mother and other members of her family were spending the night and that it occurred in a room on a bed on the floor that was being occupied by herself and two small children. That appellant's wife was on a bed within a few feet of her and her father and mother were in an adjoining room with an open door between, and if awake were in sight of her and appellant. The appellant seriously contends that the evidence is insufficient to support the verdict. We have given it most careful consideration because of its rather unusual nature. We have reached the conclusion deliberately that the testimony under the entire record is sufficient. In addition to the girl's testimony there were other circumstances detailed in the record tending to support the state's case.

For instance, the appellant's wife testified that the prosecutrix spent the night at her house in July of the year when the offense is alleged to have happened in April and that she asked the witness to make her bed on the gallery and witness did, and that about 10:30 o'clock the prosecutrix got up and came to the appellant's bed and asked him to come and sleep with her which he refused to do. Similar testimony as to this transaction in July was given by the appellant himself. The prosecutrix also testified that the appellant gave her medicine and asked her to take it for the purpose of producing an abortion. The state offered in evidence one of the receptacles or boxes in which prosecutrix claimed this medicine was sent and prosecutrix claimed that this box contained a piece of paper on

which a pattern was drawn and the state offered this pattern in evidence and proved by the sister of the wife of the appellant that she drew this pattern herself and gave it to appellant's wife. In addition to this, the proof shows that appellant frequently visited at the home of prosecutrix and that he continuously left his shaving paraphernalia there and did his shaving at her house. We think under the facts detailed above the jury was warranted in believing that the prosecutrix's testimony was credible. In any event, it presented an issue of fact that was properly left to the jury for its solution and we find nothing in the record that would warrant us in saying that the jury's verdict is without support in the legal evidence.

Appellant also contends that the court erred in permitting the state to ask the wife of the appellant if she remembered having found some loud-smelling poison medicine in her yard in October, and that the children got hold of it. The witness first answered that she remembered finding some loud-smelling medicine but did not know whether it was poison or not and upon objection from the appellant the court excluded the entire question and answer from the consideration of the jury. The appellant had placed his wife on the stand and had asked her if she had ever attempted to produce an abortion and had also had to testify that there was no medicine on their place that she took to cause an abortion and that her husband had never brought her any medicine for that purpose and that he did not keep any on the place to keep her from having children and that he did not ask her not to have any. The appellant having gone into this matter in the manner above indicated, it is not clear to us that the state was not within its right in pursuing the matter and asking her about the medicine found in the yard. In view of the fact, however, that the court excluded the entire matter from the jury, we think it clear that the matter does not present reversible error.

There are many bills of exceptions contained in the record to the argument of the private prosecutor in the case. In every instance save two, appellant's objections to the argument were sustained and the jury was instructed not to consider same. It was also true that in every instance the bills of exceptions were very meagre as showing the surroundings under which the argument was made. We have carefully examined each statement objected to and think it clear that in no instance can the argument that was excluded by the court be said to have been so abusive as to prejudice the case or to have intro-

duced before the jury any facts which were not already in evidence. On the contrary, they were more or less lurid appeals to the jury to protect the virtue of the young women of Van Zandt County. In view of the fact that the court sustained objections to each of these arguments and instructed the jury not to consider them and in view of the further fact that a penalty that is not deemed excessive under the facts in this case was assessed by the jury, we decline to say that the arguments excluded were of such a prejudicial nature as to justify us in reversing the case.

There are two bills of exceptions taken to the argument which it is necessary to consider separately. The appellant complains because the private prosecutor made the following argument: "Your verdict is not so much to punish him as to deter others." This bill is qualified by the court with the statement that the argument actually made by the attorney was that the object of the law is not only to punish the guilty but to deter others from committing like crimes. The argument as explained by the court states a correct legal proposition and the statement of it before the jury would not constitute reversible error in this case.

By another bill, the appellant complains of the action of the private prosecutor in referring to the defendant as "this lecher, rapist and seducer." The court qualifies this bill by stating that the attorney really said "the facts in this case, if believed, make out the defendant a seducer and rapist of the purest flower of womanhood." As explained by the court this argument was not erroneous under the facts of this case.

Complaint is also made at the action of the court in permitting the state's counsel to ask many character witnesses the following question: "Do you know the general reputation of the prosecutrix in the community where she lives for chastity and lady-like conduct?" The defendant objected and excepted to this question being answered for the reason that there was no predicate laid for the introduction of this testimony; that it was improperly framed, was not a proper question; that the same was prejudicial, inflammatory and could serve no useful purpose save and except to prejudice the defendant and his defense before the jury; that the question of chastity or lady-like conduct of the prosecutrix was not an issue; that said question was improperly framed, was immaterial and irrelevant, but the court permitted the witness to answer same. The court in explaining this bill states that this testimony was

not permitted to be introduced until the defendant had put the prosecutrix's reputation in issue and refers to the statement of facts which shows that said reputation had been put in issue. In oral argument before this court, it was virtually conceded by the appellant's counsel that the question of chastity was perhaps a pertinent inquiry but that the question went too far in that it permitted the state to inquire as to the lady-like conduct of the prosecutrix. It is not necessary to decide in this case as to whether it was proper for the state to ask concerning the lady-like conduct, as the question of her chastity was a proper inquiry and the bills of exception do not single out that part of the question that the appellant claims before this court was improper but the bill objects to the entire question and part of it being clearly admissible, the bill of exception fails to show any error in refusing to exclude the entire question. If appellant desired to save the point that a part of the question was not admissible he should have separated it in his bill of exceptions and leveled his objections at that part of it which he deemed inadmissible. Having failed to do this, and part of the testimony objected to being admissible, his complaint at the court's action will be overruled.

There are various objections urged by appellant to the court's charge but a careful examination of same convinces us that every right that the appellant had was thoroughly protected in the instructions given by the learned trial judge to the jury.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

BERRY, JUDGE.—In our original opinion in this case we seem clearly to have overlooked one of the most important and perhaps the controlling question in the case. In passing on the sufficiency of the evidence, we overlooked the fact, in our discussion of the same, that the prosecutrix was more than fifteen years of age and less than eighteen at the time of the alleged offense. If it were important to do so, we might give some reasonable excuse for this error in our original opinion but as

was said by Judge Ramsey in Morgan v. State, 117 S. W. 162, "We have no doubt that a court whose principal office it is to point out and correct the errors of others should in all faithfulness and candor acknowledge its own."

We deem it necessary to make the following additional statement of the prosecutrix's testimony. She fixed the date of the alleged offense at Saturday night between May 10 and 17th, 1924. She testified that she, her twelve-year-old sister and her father and mother visited the appellant and his family and spent the night with them. That before retiring for the night they made ice cream and enjoyed a social hour. That she, her twelve-year-old sister and appellant's oldest child retired for the night and were asleep together in the same bed, when the prosecutrix's father and mother and the appellant and his wife also retired for the night. That she and her twelve-year-old sister and appellant's oldest child slept on the same bed and that they all slept in the same bedroom with the appellant and his wife and within six feet of the bed on which they slept. She further testified that her father and mother slept in an adjoining room in less than ten feet of the prosecutrix, and in plain view of her, there being an open door without a shutter between, and she further testified that her father and mother, or either of them, could have seen her at all times had they been awake. After all had retired for the night she testified that the appellant left the bed of his wife and child and came to her bed and had sexual intercourse with her in the same room where his wife was, and in plain view of the father and mother of the prosecutrix if they were awake.

Appellant sets out the following testimony of the prosecutrix in his motion which we quote:

"My father and mother were in the adjoining room with a door there without a shutter and I guess all they would have had to have done would have been to look to have seen us, if they had wanted to look. I had gone to sleep when he came to my bed and awoke me. He layed his hand on my forehead and called me, and it awoke me. He would have awakened me had he not called me. I don't know whether his wife was awake or not. My little sister did not wake. Rebb Ayres' little girl was there and she did not wake. My father and mother were there and they did not awake. Don't you reckon if anybody got down and whispered in your ear and layed their hand on your head, it would wake you up? He said he

wanted to talk to me, and I told him I did not want him to. He whispered to me and I whispered back. I told you what was the first thing he said to me. He called me and said he wanted to talk to me. I next told him I did not want to talk to him. I did not like him. I did not love him. Why didn't I scream or holler for help? Yes, my father was not ten feet from me, still I did not call for help. Had I called for help I did not know what would have taken place. Yes, I whispered back to him and told him to go away; he did not go away. Why didn't I scream? Why didn't I do lots of things? When I told him to go away he said he would not do it. He whispered to me. No sir, I did not have any trouble hearing him. He was right over me. The little girl did not wake up. I tried to push him off the bed—could I have pushed him off? Those little girls did not wake up. When he said he was not going away I kept telling him to get up and go on, I did. not want him to fool with me. I did not count the times I told him. I told him to go away a good many times. Several minutes elapsed during that time. If anyone awoke they did not let themselves be known. All his wife would have had to have done would have been to open her eyes and she could have seen us. Yes, I was doing this with a woman's husband within six feet of her and I was afraid all the time I was doing it. No, I did not scream. No, that did not suit me at all. I did not want it to happen. What was the next thing said there on the pallet when I told him to go away—he said he would lay there and talk to me, he then got on the edge of the bed. There were then four in the bed; it did not awaken anyone. He said he was going to talk to me and I told him I did not want to talk to him, but he jabbered a long time. Yes, he whispered all the time. Yes, I whispered, too. Neither of us got our voice out of a whisper. He talked about first one thing and another until he began talking about something he should not have talked about. He did not talk about current events. He was on the bed just a little bit before he began talking about something he should not have talked about. My father and mother did not awaken until the next morning. Rebb Ayres asked me if I had ever done anything ugly, and I told him no, that I did not know what he meant. Well, he could show me better than he could tell me. I told him I did not want him to show me, to go away and leave me alone. I told you that he whispered all the time. He had his left hand between he and I and had his right hand on my shoulder, he

raised my leg up and put it on his. That did not awaken the children. I do not know whether it crowded them at all or not. I did not ask them. I mean to say that we had sexual intercourse there. I never did holler. I did not call for help, if anyone awoke they kept themselves quiet. When Rebb Ayres got back in his bed I was afraid to run to my father and say anything. I stayed there that night."

The prosecutrix's testimony further shows that after the defendant returned to his bed there was no outcry made, and she never disclosed what he had done to her to anyone until she was about seven months' pregnancy and her condition plainly visible. The record further discloses that the entire family remained at appellant's house all night, ate breakfast there the next morning and stayed most of the next day. The testimony of this witness was contradicted in toto by that offered by the appellant. Art. 1183, 1925 Revision of the P. C. defines the offense of rape and makes the carnal knowledge of a female under the age of eighteen years other than the wife of the person with or without her consent and with or without the use of force, threats or fraud rape. But said article further provides that if the prosecutrix is fifteen years of age or over, the defendant may show in consent cases that she was not of previous chaste character as a defense.

In our original opinion we refused to disturb the verdict of the jury in this case on the ground that we would not say as a matter of law that the evidence was not sufficient to show that the act of intercourse actually took place as testified to by the prosecutrix, but in view of the last section of the statute above referred to which makes a lack of chastity a defense in view of the age of prosecutrix in this case we cannot say that the verdict of the jury comports with human experience. We think it absolutely incredible that a chaste woman could have had intercourse with the appellant under the circumstances detailed by the prosecutrix. A lewd, experienced woman might have done so but we refuse to lend our sanction to the conclusion that a virgin could have been deflowered under the circumstances detailed by the prosecutrix in this case. "It staggers credulity" and does not comport with human experience. On fact questions, authorities are of but little value, but we cite the following as tending to support the conclusion reached in this case. Donoghue v. State, 79 S. W. 309. Adkins v. State, 65 S. W. 924. Key v. State, 65 S. W. 517. Arnett v. State, 51 S. W. 385. Gonzales v. State, 25

S. W. 78. Draper v State, 57 S. W. 655. Topolanck v. State, 40 Texas 160. Alcorn v. State, 94 S. W. 468.

Believing that the evidence is insufficient to support the verdict appellant's motion for rehearing is granted and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.