### JACK DYER V. THE STATE.

No. 10595. Delivered January 26, 1927.

Rehearing denied June 15, 1927.

**1.—Rape—Evidence—Of Penetration—Properly Admitted.**

Where, on a trial for rape, committed upon a female under the age of consent, there was no error in permitting the testimony of an examination of the private parts of prosecutrix by a physician on the issue of penetration.

**2.—Same—Evidence—Corroboration of Prosecutrix—Properly Admitted.**

Where the prosecutrix had reported the assault made upon her by appellant to her mother, a short time after the occurrence, there was no error in permitting testimony of facts and circumstances tending to corroborate the statements so made by her to her mother.

**3.—Same—Evidence—Harmless Error.**

Where, on a trial for rape, the appellant was asked on cross-examination if he was a married man, the court sustained his objection to the question. While the question was not proper, the jury having inflicted the lowest punishment for the offense, the error was not so injurious as to warrant the reversal of the case.

**4.—Same—Evidence—Improper Questions—Harmless Error.**

Where, on a trial for rape, on cross-examination the state questioned

appellant as to whether or not he had been indicted for seduction, and propounded other questions which were improper in that connection, all of which questions were answered in the negative, the error, as presented, was not calculated to seriously injure appellant.

**5.—Same—Argument of Counsel—Excluded by Court—No Error Shown.**

Where appellant objected to the argument of counsel for the state, and his objection was sustained and the jury instructed not to consider same, as presented in this record the argument complained of would not warrant the reversal of the case. See Ayers v. State, 283 S. W. 828.

ON REHEARING.

**6.—Same—Cross-Examination of Appellant—No Error Shown.**

Where, on cross-examination of appellant, several questions were propounded to him by the state, which may have been improper, but appellant's bills of exception complaining of same fails to show whether such questions were pertinent to his direct examination, or not, and all of such questions which were answered, being answered in the negative, no reversible error is shown.

**7.—Same—Impeaching the Defendant—By Proof of Other Offenses—Proper.**

It is always proper to show on cross-examination of appellant that he had been formerly indicted or convicted of a felony, as impeaching his testimony, such questions, however, should only be asked in perfect good faith, where the state has good reasons to believe that the proof can be made.

**8.—Same—Argument of Counsel—Improper, But Not Reversible Error.**

Where, in his argument to the jury, state's counsel criticised counsel for appellant in an unwarranted manner, the court promptly reprimanded him and instructed the jury to disregard the argument. In the light of a minimum punishment inflicted, this court cannot find any harmful injury to appellant in such argument, which would warrant a reversal.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The opinion states the case.

*Stinson, Coombes & Brooks,* and *Brooks & Robinson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of rape in the District Court of Jones County, and his punishment assessed at five years in the penitentiary.

The prosecutrix was 13 years old at the time of the alleged

offense, and she testified that the appellant was a visitor in her home a large portion of the day on which the alleged offense occurred; that about 1:00 o'clock in the afternoon the appellant, Myrtle Flowers and the prosecutrix walked about half a mile south of the prosecutrix's home to a branch, where the three seated themselves by a tree; that while there one Bill Hill drove up within about fifty yards of them and sounded his horn, where-upon Myrtle went out to the car, leaving appellant and prosecutrix sitting on the ground by the tree; that while she was there alone with the appellant he had intercourse with her; that at first she would not yield to his request and the appellant became angry and cursed her, telling her to "go to hell," that she was just contrary and would not do it anyway, "and an act of intercourse followed." The prosecutrix further testified that she knew what was meant by her private parts; that she knew what her female organs were; that she knew what the male organs of a man were; and that "the defendant, Jack Dyer, did put his private organs into my private parts on that afternoon." There was also evidence of blood being found on her clothing soon after she arrived home, and that in about fifteen minutes after her arrival home she reported the matter to her mother. There were other circumstances proved in the trial tending to support the state's case. We have reached the conclusion that the record discloses evidence sufficient to support the verdict.

The appellant, by bills of exception 1, 2 and 3, complains of the action of the court in refusing to sustain his motion to quash the special venire. We are unable to agree with the appellant's contention. The bills, as qualified by the learned trial judge, present no error.

Bill of exceptions No. 5 complains that the witness Dr. F. V. McKnight was permitted to testify as follows:

"I did make an examination of her private parts on that occasion; I made an inspection and digital examination. I did find something inside the private organs of the prosecuting witness; I found the semen from a male organ."

We are unable to agree with appellant's contention, for the reason that this testimony would be admissible on the issue of whether or not there had been a penetration of the prosecutrix's private parts, this being a contested issue in the case.

The evidence complained of in bills of exception Nos. 6 and 7 was clearly admissible as a fact or circumstance tending to corroborate the statement of the prosecutrix to the effect that she had been raped by appellant, as she had detailed it to her mother.

Bill of exceptions No. 12 complains of the action of the District

Attorney in asking appellant the following question: "You are a married man?" There is nothing in the statement of facts indicating that the question as to whether or not the appellant was a married man was ever inquired into in any manner. This is the only reference of any kind in the record to the appellant being a married man. In view of the fact that the lowest penalty was assessed, we fail to see wherein the appellant has been deprived of any valuable right, or that the jury has appropriated this evidence in assessing the penalty.

In bill No. 13 the appellant complains of the action of the District Attorney in propounding the following questions to the appellant on cross-examination:

"You have heretofore been charged with the offense of seduction, have you not?"

"Isn't it true that you have been indicted for seduction and married the girl to prevent prosecution?"

"Didn't you tell Minnie Flowers about four days before this occurred that you had been charged with seduction?"

"Haven't you told others there at Old Glory that you had been charged with seduction?"

The appellant answered all of these questions in the negative. We are unable to agree with the appellant's contention. The record discloses facts and circumstances tending strongly to prove—and which does prove, if believed by the jury—that the appellant is guilty of the offense charged. The error complained of is a harmless error and does not seem to have been appropriated by the jury, or to have aroused their passions or influenced them in any manner, it appearing that they have assessed the lowest penalty. It was permissible for the state to inquire if a legal accusation for seduction, at a time not too remote, had been lodged against him. The District Attorney went further in some of his questions than is sanctioned by law, but all of them having been answered in the negative and the lowest penalty assessed, we therefore hold that this error would not warrant us in reversing the case.

Bills Nos. 14 and 15 complain of remarks of the District Attorney while making his closing argument. In both instances the appellant's objections to the argument were sustained and the jury were instructed not to consider same. We have carefully examined the remarks complained of and set out in the bills of exception and hold that in neither of said arguments, which were excluded by the court, is there anything seen that would have prejudiced the case. The court having sustained the objections to both of said arguments and instructed the jury

not to consider them, and the jury having assessed the lowest penalty fixed by the law, we are unable to say that the arguments excluded were of such prejudicial nature as to justify us in reversing the judgment. Ayres v. State, 283 S. W. 828.

We fail to find any objections and exceptions to the court's charge in the record. However, we have examined the charge and find that the rights of the appellant have been amply protected by the learned trial judge.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In his motion for rehearing appellant insists that bills of exceptions Nos. 12, 13, 14 and 15 show error requiring a reversal of the judgment.

From bill No. 12 it appears that the appellant, while testifying as a witness on cross-examination, was asked the following question: "You are a married man?" The appellant's objection to this question was sustained. The court instructed the jury to disregard the question.

From bill No. 13 it appears that the appellant was asked upon cross-examination the following question:

"You have heretofore been charged with the offense of seduction, have you not?"

Objection was made that it was immaterial. The court remarked:

"Overrule the objection; you may ask if he's been indicted."

State's counsel then asked: "Have you or not?" The witness answered that he had not.

State's counsel further asked:

"Isn't it true that you have been indicted for seduction and married the girl to prevent prosecution?"

The objection to this question was sustained.

Counsel then asked the witness:

"Didn't you tell Minnie Flowers about four days before this occurred that you had been charged with seduction?"

The ruling with reference to the last-named question is not disclosed by the bill. In each instance the bill fails to state the

nature of the appellant's testimony upon the direct examination. This reviewing court is left without knowledge whether the cross-examination was pertinent to the direct examination or not. Counsel refers to several cases in support of his position. Among them are Ballard v. State, 262 S. W. 85; Rosa v. State, 86 Tex. Crim. Rep. 650. It is our opinion that the principle which controls the decision of the cases mentioned is not applicable to the facts at present before the court. In Ballard's case, supra, the question asked went directly to the heart of the appellant's defense. In the Rosa case, the questions propounded were such as to lead the jury to believe that the accused was a confirmed criminal and that the evidence thereof was in possession of the state. The objections to the questions were overruled. In the present case, as stated above, in the absence of a showing from the bill as to just what was the nature of the appellant's testimony upon direct examination, knowledge that the question propounded in bill No. 12 was not proper is not made plain. Assuming, however, that it was, no answer was given. The court promptly sustained the objection to the question and instructed the jury to disregard it.

In bill No. 13, appellant having assumed the attitude of a witness, it was permissible that the state prove that he had been indicted for a felony. The appellant's objection assuming that the question was not propounded in good faith finds no support in the bill. Counsel for the state may have pressed the question further than the proprieties would commend, but he seems to have received no comfort from the procedure. Such matters as the court did not exclude, the appellant denied; and there is nothing in the inquiry touching the vitals of the prosecution or the defense.

Bill No. 14 complains of the argument of the State's Attorney, in the course of which he said:

"Criminal lawyers are not employed by defendants accused of crime for nothing; they are employed for the purpose of seeing that their clients go free, unwhipped by justice; they knew what the state's testimony was going to be, gentlemen, and they framed an ingenious defense—I say a pretended defense to defeat the state's testimony. Are you going to swallow it?"

In making this argument counsel for the state seems to have gone far beyond the limits of legitimate debate. The court, however, promptly condemned it and instructed the jury to disregard it. If there were aught in the record which would warrant the belief that the jury was favorably impressed rather

than offended by the remarks, this court might be justified in overturning the verdict. The verdict is amply supported by the evidence and assessed against the appellant the lowest penalty. Under such conditions, the court would not be justified in assuming other than that the verdict reflects the judgment of the jury upon the facts before them.

In the argument criticised in bill No. 15, we fail to perceive any objectionable language. The court, however, sustained the appellant's objection to the remarks.

Upon the record before us, considering the evidence and the result of the trial, as well as the rulings of the court, we are constrained to conclude that upon the original hearing of this appeal the proper judgment was rendered.

The motion for rehearing is overruled.     *Overruled.*