## DUDLEY REID v. THE STATE.

No. 13851.   Delivered January 7, 1931.
Reported in 34 S. W. (2d) 291.

The opinion states the case.

*W. P. Walker* of Crosbyton and *L. A. Wicks* of Ralls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, five years in the penitentiary.

We find in the record no bills of exception.   The prosecuting witness was appellant's sister-in-law, and the alleged rape took place at the home of her parents.   The testimony showed that the father and mother of the family slept in a room in which there was one bed.   In another room of the house was another bed occupied by appellant and his wife.   In still another room of said house there were two beds, in one of which prosecutrix slept and in the other were her brother six years old and two sisters, eleven and thirteen

respectively. Prosecutrix was fifteen years old at the time of the alleged rape. She testified that during the night appellant came to her bed and had intercourse with her. She said that she had never prior to that time had intercourse with any man, but that after this act he came back to her bed and repeated the performance until she became pregnant. Later appellant and his wife moved to Floydada, and in a few days prosecutrix went to visit them, and stayed about two weeks. She said there was only one bed in the house of appellant at Floydada, and that she, her sister and appellant all slept in that bed during all the time she was there.

The State introduced a written statement made by the appellant, after being duly warned in apparent compliance with the statute. In this statement he said that he lived at his father-in-law's home, and that he got up one night and went to Vera's bed and had sexual intercourse with her. He further stated that his wife afterward caught him in bed with Vera. He said he did not know how many times he "went to her." In said confession appears the following statement: "After I had got in bed with her the first time I learned Vera was in the family way, then we moved to Floydada and Vera came to see us and I got a bottle of turpentine and some calomel and Vera took it. I also got some black pepper and gave it to Vera and she made some black pepper tea and drank it." Appellant did not testify, nor did he offer any evidence further than that of his father who gave appellant's age and stated that his reputation was that of a law-abiding citizen and was good.

Appellant excepted to the charge of the court upon the proposition that the court should have instructed the jury to return a verdict of not guilty because of the fact that prosecutrix was of previous unchaste character at the time of the first intercourse between her and appellant. The court did submit to the jury the issue of previous unchaste character of the prosecutrix, instructing the jury that if they found that such was the case, or if they had a reasonable doubt as to the fact that she was of previous chaste character on said date, appellant should be acquitted. The only testimony in this record in anywise tending to support the contention that this girl was of previous unchaste character rests upon the language of the confession which we have quoted above. We think the inference entirely insufficient to support the conclusion reached by appellant that same required any peremptory instruction to acquit.

The fact that appellant learned that Vera was in a family way "AFTER HE GOT IN BED with her the first time," does not negative the idea that she was of chaste character at the time he got in bed with her the first time. She testified that neither appellant nor any other man had ever had intercourse with her at that time. She also could have said, in the same language used by appellant in his confession, that "After I got in bed with him the first time I found out I was in a family way." The girl testified to repeated acts of intercourse, upon the first of which the State relied for conviction in this case. The court went as far as he was warranted in submitting the issue of previous unchastity.

Appellant presented a special charge, which was refused by the court, in which he asked that the jury be told that if they believed that the time referred to by the defendant in his confession as the time when he first got in bed with her, related to the night of January 11, 1930, and that he intended to say in said statement that the first time he learned of her pregnancy was the night of January 11, 1930, etc., the jury should find appellant not guilty. This charge was entirely incorrect as a statement of a legal principle applicable to the facts in this case. The young girl had testified to her chastity and the conviction was not dependent upon appellant's confession. The court's refusal of the special charge was proper.

Appellant insists that the evidence is not sufficient to support the conviction, and cites Ayres v. State, 283 S. W. Rep. 828. We do not think the facts stated in the Ayres case, nor the conclusion based thereon that said case should be reversed, afford any reason for reversing this case, or for concluding that the evidence here is not sufficient to support the conviction. The testimony given in that case was deemed insufficient to overcome a seeming element of unreasonableness arising from the testimony of the prosecutrix. There was no confession such as appears here. It seems difficult to read the simple story told by the girl in this case without believing all that she said, and when taken together with the confession of appellant there is left no room for doubt as to the sufficiency of the testimony.

The judgment will be affirmed.

*Affirmed.*