### J. C. LUCAS v. THE STATE.

#### No. 5476.  Decided December 17, 1919.

**1.—Rape—Evidence—Bill of Exceptions—Practice on Appeal.**

Where, upon appeal from a conviction of rape upon a female under the age of consent, it appears from the record that defendant objected to a certain question by the State to the prosecutrix as to what her relations were with the defendant on a certain date, but the bill of exceptions did not show as to what the witness testified in answer to such question, the same cannot be considered on appeal.

**2.—Same—Accomplice—Sufficiency of the Evidence—Rule Stated.**

Where, upon trial of rape upon a female under the age of consent, the prosecutrix testified to facts showing the guilt of the accused, the same was sufficient and she is not an accomplice, and her testimony is not required to be corroborated.  Following: Hamilton v. State, 36 Texas Crim. Rep., 372, and other cases.

**3.—Same—Rehearing—Practice on Appeal.**

Where appellant filed a formal motion for rehearing without citation of authority or reasons why same should be granted and there being no error in the original opinion, the motion for rehearing is overruled.

Appeal from the District Court of Galveston.    Tried below before the Hon. J. C. Hughes, judge.

Appeal from a conviction of rape upon a female under the age of consent; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*John T. Wheeler,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—In the above case the appellant was convicted of statutory rape upon a female under the age of fifteen years, in the District Court of Galveston County, Texas, and his punishment fixed at confinement in the penitentiary for a period of twenty-five years.

There appears to be only one bill of exceptions in the record, which is as follows: "Be it remembered that on the trial of the above entitled cause, the State offered to prove a series of acts of sexual intercourse between the defendant, J. C. Lucas, and the prosecutrix, antedating, prior to, and beyond the period of limitation of the act alleged to have been committed on the date set forth in the indictment, indicating their intention by the following questions, directed to Elsie Allen Nelson, the prosecutrix, who was a witness on the stand at the time:

'On or about the 19th day of November, 1918, or within a year prior thereto, tell the jury what were the relations between you and the defendant, J. C. Lucas.'    To which counsel for the defendant, J. C. Lucas, objected and continued to renew his objections each time such evidence was sought to be introduced as appears from the statement in the statement of facts, assigning as the grounds for his objections the following reasons:    that the matter sought to be introduced was not at a date mentioned in the indictment; that it was an attempt to prove a separate, independent and distinct offense from the one on trial; that it was no part of the *res gestae;* no part of any system shown to have been used by the defendant; nor was it an attempt to identify him, but that it was an attempt to prejudice him before the jury by showing a course of events which would necessarily have the effect of injuring his reputation before the jury, and the Court overruled said objections, to which the defendant, through his counsel, excepted to said ruling and herewith tenders his Bill of Ex-

ceptions, and asks that the same be signed and made a part of the record in said cause, which is accordingly done."

It is manifest that this bill is not sufficient. There is no statement therein of what the witness testified in answer to the question set forth. The question is not objectionable on its face, and in the absence of a showing in the bill itself, that a witness gave an objectionable answer, the bill will not be considered.

The motion for a new trial complains of the insufficiency of the evidence to corroborate the prosecutrix, the ground of said complaint being that she is an accomplice and not corroborated. The prosecutrix testified fully to facts showing the guilt of accused, and under numerous holdings of this Court, is not an accomplice. Hamilton v. State, 36 Texas Crim. Rep., 372; Danley v. State, 71 S. W. R., 958.

No complaint is made to us of the charge of the court, nor of any matter with regard to the introduction of evidence, except as above stated.

There being no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

### ON REHEARING.

### December 17, 1919.

LATTIMORE, JUDGE.—The appellant has filed a formal motion for rehearing, without citation of authorities, or reasons stated why same should be granted.

We are unable to find error in the original opinion of this Court, and the motion for rehearing is overruled.

*Overruled.*