### JIM BLACK V. THE STATE.

#### No. 10840.   Delivered June 8, 1927.

#### Rehearing granted February 8, 1928.

**1.—Rape—Prosecutrix Is Not an Accomplice.**

Where, on a trial for rape by force, appellant's complaint of the court's failure to instruct the jury that there could be no conviction on the uncorroborated testimony of the prosecutrix was so manifestly incorrect as a legal proposition that it cannot be considered as an exception.   In such a case the prosecutrix is not an accomplice, within the meaning of our law, requiring the corroboration of an accomplice's testimony.

**2.—Same—New Trial—On Newly Discovered Evidence—Properly Refused.**

Where appellant sought a new trial on the ground of newly discovered evidence, but failed to show that the facts, and all of the facts therein stated were not known to appellant and his counsel prior to his trial, and no reason appears why all of said facts were not available to appellant before the trial, such motion was insufficient and was properly overruled.

##### ON REHEARING.

**3.—Same—Evidence—Held Insufficient.**

Where, on a trial for rape alleged to have been committed by force, the appellant's defense theory being sexual intercourse with prosecutrix, with her consent, the issue of force being supported alone by the testimony of the prosecutrix, it is believed that giving effect to all circumstances explanatory of the failure of prosecutrix to make outcry, and the failure of the state to call her husband as a witness is calculated to leave the mind in doubt on the issue of consent, and the motion for rehearing is therefore granted, and the judgment reversed and the cause remanded. Following Terry v. State, 98 Tex. Crim. Rep. 540, and other cases cited in opinion on rehearing.   Also see Underhill's Crim. Ev. (3rd Ed.), Vol. 2, Sec. 620, and notes; Bishop's New Crim. Ev. (9th Ed.), Vol. 2, Sec. 1122, subdivision 5.

Appeal from the District Court of Marion County.   Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The opinion states the case.

*Rowell & Rowell* of Jefferson, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of rape, punishment five years in the penitentiary.

Prosecutrix is a young negro woman who lived with her husband upon land belonging to the appellant. She testified that her husband was working away from home, and that on the afternoon before the alleged rape appellant came by her house and made her an unfair proposition, and when she declined it he made a threat and started toward her. She went in the house and fastened it. She further said that the next morning while she was at work appellant slipped into her house with a shotgun, appeared suddenly where she was, and told her he was going to do the thing to her that he wanted to, seized her and threw her on the floor, laid the shotgun beside her and told her if she made any noise he would kill her, and then by force and without her consent had intercourse with her. She testified that he told her if she ever told it, and did not tell she forced herself upon him, he would kill her. She further stated that when her husband came home from his work she informed him of what had occurred, and that he left, saying he was going to see appellant. Her husband sold to appellant his crop on the latter's land, a day or two after the alleged rape, and left for West Texas, taking prosecutrix and their baby with him. They were gone two or three weeks, but found no work, no cotton to pick where they went, and returned to the neighborhood in which they had lived before going west. At once upon their return complaint was filed against appellant. He had an examining trial before a magistrate, at which time prosecutrix testified in almost every particular precisely as she testified upon the final trial. Her testimony on the examining trial was reduced to writing and signed by her.

On the trial appellant introduced his wife and took the stand himself. The substantial effect of their joint testimony was to indicate that appellant had intercourse with prosecutrix with her consent.

The charge of the court is practically without exception. Complaint was made of the charge on the ground that it did

not tell the jury that there could be no conviction on the uncorroborated testimony of the prosecuting witness, but such a charge is so manifestly deemed incorrect as to amount to no exception. Appellant asked one special charge consisting of an enumeration of a number of facts and points so as to make it plainly on the weight of the evidence, and its refusal was not erroneous.

Appellant filed a lengthy motion for new trial apparently upon the ground of newly discovered evidence, but we find nowhere in said motion any sufficient showing that the facts and all the facts therein stated were not known to appellant and his counsel prior to his trial. In fact the witnesses whose affidavits are appended to the motion practically all lived within a short distance of the parties to this transaction at the time and no reason appears why all of said facts were not available to appellant, or could not have been ascertained by him by the use of any diligence at all. We further observe that the affidavits were all taken by appellant's attorney and in this condition cannot be considered by us. The witnesses who combated the testimony of prosecutrix, viz.: appellant and his wife, were directly interested and the extent to which the jury believed them is a matter which the law commits to the discretion of the jury. We cannot say that this is a case without evidence to support it.

The judgment will be affirmed.            *Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The subject of the alleged rape is Estelle Gray, the wife of Freeman Gray. The following is a synopsis of her testimony touching the commission of the offense: Appellant was a married man and resided with his family a short distance from the home of the prosecutrix. Other persons lived in the immediate vicinity. About the first of September, 1925, the husband of the prosecutrix was away from home. Appellant came to the house in the evening possessed of a shotgun, and requested that the prosecutrix engage in the sexual act. She refused and the appellant departed. On the following morning he returned, again bringing his gun, and with a threat to kill the prosecutrix and by physical force he overcame her resistance and succeeded in performing the act entirely against her will. She made no report of it at the time and no outcry, but when her husband returned that night she reported it to him. After receiving the report her husband went to the home of the appellant, and returned soon thereafter,

telling the prosecutrix that he had seen the appellant about it. After receiving the information, Freeman Gray and the prosecutrix continued picking cotton upon the farm which they were renting from the appellant. A short time after the alleged occurrence the appellant purchased the crop which was on the place and Gray and his wife left the country and remained for some two months.

The indictment was returned on the 18th day of November, 1925. There was evidence that Freeman Gray reported the offense to the County Attorney at some time in September, and was told by him to bring his wife back so that complaint might be filed, and that later she was brought back and the complaint filed.

The appellant's wife testified that the prosecutrix and her husband left early in August; that Freeman Gray came to the home of the appellant after a bucket of water, and the witness asked him (Gray) what he and his wife were quarreling about. He said that he was not going to live with her any longer because she and the appellant were unduly intimate, indicating that this relationship was of considerable duration. Gray said he was going to leave his wife; that the fault was hers and not that of the appellant. The witness also said that Gray on several occasions had whipped his wife, and that he whipped her on the day that he left; and that after he whipped her she came and spent a part of the night at the home of the appellant.

Appellant testified that Gray and his wife were working and making a crop on the land which he had rented. He also testified that on various occasions previous to the time of the alleged offense, he had been unduly intimate with the prosecutrix; that before leaving a conversation took place between Gray, his wife and the appellant. Gray had asked the appellant to come to his house that night, stating that the prosecutrix was sick. Upon going to the house, the appellant found that she was not sick, and after some preliminary talk, both she and the appellant admitted the existence of the previous illicit relations with the consent of the prosecutrix. It was after that time that the appellant bought Gray's crop from him and went to an officer and had a bill of sale prepared; that he heard nothing of any charge of rape against him until after Gray and his wife had gone west and returned. There was some testimony of a theft having been committed in the community, and the appellant testified that Gray had stated that the reason he was going west was that the law was after him; that after his return Gray wanted to repossess his crop but the appellant

declined to rescind the trade that had been made for the crop. The conversations with the appellant's wife and with the appellant imputed to the prosecutrix were denied by her. Appellant specifically denied using any force or threats in any of his relations with the prosecutrix.

It is to be noted that the only person to whom the prosecutrix claimed to have made any complaint or outcry was to her husband. He was not called as a witness by the state, nor do we find that his failure to be called is accounted for in any definite manner. The offense, that is, the sexual relations without the consent of the prosecutrix, rests solely upon her uncorroborated testimony. It is believed that giving effect to all circumstances explanatory of the failure to make outcry, the evidence is calculated to leave the mind in doubt on the issue of consent. See Underhill's Crim. Ev. (3rd Ed), Sec. 620, and notes; also Bishop's New Crim. Law (9th Ed.), Vol. 2, Sec. 1122, subd. 5; Terry v. State, 98 Tex. Crim. Rep. 540; Dickson v. State, 105 Tex. Crim. Rep. 534; Ruling Case Law, Vol. 22, p. 1187, Sec. 19; Brown v. State, 127 Wis. 193; 7 Ann. Cas. 258.

The failure of the state to call her husband, the only person to whom the prosecutrix claimed to have made an explanation, emphasizes the reason for doubt. The importance of his absence, moreover, is emphasized by the testimony of the appellant and his wife relating conversations and transactions with the husband inconsistent with the theory of non-consent.

The motion for rehearing is granted, the order of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*