JACK FIELDS V. THE STATE.

No. 22866. Delivered June 14, 1944.
Rehearing Denied October 25, 1944.

The opinion states the case.

*W. R. Parker, Chas. T. Groce,* and *W. E. Myres,* all of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of the offense of rape and sentenced to twenty-five years in the penitentiary.

The prosecutrix was his step-daughter, a girl thirteen years of age. It is conceded in appellant's brief that the evidence was sufficient to sustain the conviction except for the two questions presented, as follows:

*First*: That the prosecutrix, being a girl between the ages of ten and eighteen, could not, by reason of the terms of the Delinquent Child Act passed by the 48th Legislature, be punished for crime and that, therefore, she is not subject to the pains and penalties of perjury and is disqualified under Art. 5 of Sec. 1 of the Constitution to give evidence in any case;

*Second*: That when her unfortunate condition became known, the mother inquired the name of the party responsible, and that she gave the name of another and different person to appellant; that such statement was voluntarily made for the purpose of fastening the crime on another, with the result that appellant would be shielded from prosecution. Such statements are relied upon to constitute her an accomplice witness under the statute whose evidence must be supported by corroborating facts or circumstances in order to sustain the conviction.

In connection with the first contention, it appears that the testimony of Marie Long, a girl thirteen years of age, is necessary to sustain the conviction. It was objected to and is presented by proper bill of exception. We have this day passed on the identical question with a full and sufficient discussion, in the case of Santillian v. State, No. 22,773, (Page 554 of this volume), and refer to that opinion for our reason in holding that she was a competent witness.

The second question has its difficulties and is presented in a little different way to any case we find discussed in the former opinions of this court. It is observed from the statement of facts that the prosecutrix first made her statement that another party was responsible for her condition to her mother and to appellant and that when she was first taken to the officers, the prosecution was started immediately because appellant was arrested a short while thereafter. There is no evidence that she made a contradictory statement to an officer or to anyone in position to institute a prosecution. We must then determine whether or not the statement made to appellant and to his wife, who cannot testify against him, is sufficient as an affirmative act to constitute her an accomplice witness under the well recognized rule. The evidence of such statement was admissible as going to her credibility. We are aware of the caution with which the uncorroborated testimony in this character of cases is received, but the rule must apply to all kinds and character of crime and cannot be different in this case to what it is in any other.

We observe that the early decisions of this court held that there must be some affirmative act aiding the accused to escape arrest, or the punishment assessed, or to mislead investigating officers and fasten the crime upon another. Progressively, the rule has been extended until it includes statements similar to those made by the witness in the instant case, if made to a grand jury or to the law enforcement officers in a way calculated to direct them away from a prosecution. Womack v. State, 170 S. W. (2d) 478. The court has never gone so far, however, as to say that a child who makes a statement to the wife of accused, a person disqualified to testify against him, should be held thereby to be an accessory to the crime after the fact and to become an accomplice witness. There would be much less reasoning in holding that a statement which was made to the accused, himself, would make her such. We cannot come to the conclusion that the rule should be so extended as to include the case now before us. No better example could be found to illus-

trate the fallacy of such a rule. She was a child twelve years of age when the conduct testified to by her began. That she, through fear, timidity, or misconception of the proper course to pursue, should, by a misleading statement, make herself a party to the crime is too much to sanction in the state of the law as we now find it. Our decisions often admonish the trial courts to receive a case like the one before us with great care and caution. Apparently this was done by the trial court in this case. We have no way of saying that the jury trying the case did not do so.

Finding no error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains because of the failure of the trial court to charge on the law relative to accomplice testimony as applied to the testimony of the girl Marie Long. It is shown by the record that this girl, then a child of twelve years, when first questioned by her mother, denied that she had had intercourse with anyone, but finally told the mother that the cause of her pregnancy was one Charles White, a school-mate, and afterwards it was found that there was such a child of the tender age of about nine or ten years. However, upon being questioned by the officers, she charged appellant with having several acts of intercourse with her, naming time and place, and to some extent this testimony received corroboration by means of circumstances.

While it is true that one who conceals the offender, or assists him in evading arrest or trial, by reason of such acts, may constitute such person an accomplice, whose testimony might demand corroboration, but in this case the testimony further shows that this girl on the day following told her mother practically the same story that she told the officers, and told the same at this trial. One of her reasons for telling her mother the first story, so she says, was on account of her fear of her stepfather, whom she claimed had threatened her with violence if she told of his conduct. This was a girl of twelve years of age, and could not be an accomplice in the act itself because of her inability, under the law, to give her consent to such an act, and this misstatement to her mother, when first questioned, constitutes the only statement which might aid appellant in evading punishment for the act of some one in causing her pregnancy. Upon her first questioning as to this matter by those in authority, she told what the jury believed to be the truth, and we do not

think the casual conversation with her mother, in the presence of the claimed author of her condition, should tinge her testimony to such an extent as to call her an accomplice witness under the law. See Womack v. State, supra.

We can readily see in her first denial of any intercouse an effort upon her part to shield herself from her mother's disapproval, and do think the effort to implicate a nine-year-old boy but a continuation thereof.

We are doubtful whether our reasoning in the original opinion, based on the statement to appellant's wife and her inability to testify against him, should here apply. She could have initiated the prosecution by informing the officers of the little girl's corrected statement. Nevertheless, we do think that the first statement of the mother should not be held as an effort to shield appellant from prosecution for his alleged unlawful act. We also are of the opinion that the doctrine of accompliceship as herein offered by appellant would not of a necessity carry with it a punishment as an accessory after the fact, but merely contemplates an accomplice witness, as said in Turner v. State, 37 S. W. (2d) 747, at page 749.

We think this case was correctly affirmed as shown in the original opinion, and the motion is therefore overruled.