Bobby Lee **VICKERY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 54859.

Court of Criminal Appeals of Texas, Panel No. 2.

May 31, 1978.

Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, J. R. Molina, Donald N. Turner and Howard M. Fender, Asst. Dist. Attys., Fort Worth, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for sexual abuse of a child. V.T.C.A., Penal Code, § 21.10. Punishment was assessed at four (4) years' confinement by the court following a guilty verdict.

On appeal appellant complains the court erred in refusing to allow him to interrogate the jury panel concerning the accomplice witness rule (Article 38.14, V.A.C.C. P.), that the court erred in failing to grant his motions for instructed verdict at the close of the State's case and again when all the evidence had been concluded on the ground that the complainant was an accomplice witness as a matter of law and his testimony was not corroborated, that the court erred in overruling his objections to the charge and his special requested charges that the court instruct the jury the complainant was an accomplice witness as a matter of law or submit to the jury the fact issue of whether the complainant was an accomplice witness. He also contends the court erred in overruling his objection and special requested instruction on the issue of whether the complainant was a child of sufficient discretion to understand the nature and illegality of the acts and if so, that he must be considered an accomplice witness whose testimony would require corroboration.

W———— R———— S————, fifteen years old, testified that on New Year's Eve, 1975,

his parents took him to a friend's house in Watauga for the night as he and his friends were going squirrel hunting the next morning. They arrived about midnight. After watching television for awhile, everyone retired about 12:30 a. m. on January 1, 1976. W_____ R_____ S_____ went to a bedroom which had a king size bed which he was to share with thirteen year old Darryl Dupree and the appellant Vickery. After Dupree had apparently gone to sleep, the appellant asked W_____ R_____ S_____ if he "got hot at night," and upon receiving an affirmative answer, the appellant masturbated W_____ R_____ S_____ and then placed his penis and then his finger in W_____ R_____ S_____'s anus. The next morning the appellant again masturbated W_____ R_____ S_____. After hunting for awhile, W_____ R_____ S_____ went home shortly after noon. The next day he told a fifteen year old neighbor about the masturbation. Later he told Ronald and Donald Johnson, next door neighbor boys, about the incident in question. On March 31, 1976, W_____ R_____ S_____ told Tommy Smith, stepfather of the Johnson boys, and on that date Smith took W_____ R_____ S_____ to his father and the complainant for the first time told his father about the masturbation and act of sodomy. This was three months after the alleged offense.

On cross-examination he acknowledged that during the incident he was in pain but did not cry out, call for help or try to awaken the third person in the bed, or get up and walk away. He did testify that the appellant was taller than he was.

Appellant's father testified that on March 31, 1976 in the presence of Smith, his son had reported to him the events which had occurred at the Dupree home. The father then went to the authorities to file a complaint. These were the only two witnesses in the case.

Article 38.14, V.A.C.C.P., 1965, provides:
"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense com-

mitted; and the corroboration is not sufficient if it merely shows the commission of the offense."

It has been said that an accomplice witness is a discredited witness because his testimony alone cannot furnish the basis for a conviction. *Cast v. State,* 164 Tex.Cr.R. 3, 296 S.W.2d 269 (1956). It has long been held that an accomplice witness is a person who, as a party to the offense or under the law of criminal responsibility (V.T.C.A., Penal Code, §§ 7.01 and 7.02) (formerly principal, accomplice or accessory), was connected with the crime by unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the offense, and whether he was present and participated in the crime. Article 38.14, supra, Anno. Note 2.

The general rule provided by Article 38.14, supra, has long been the rule in this state. It is observed, however, that Article 38.07, V.A.C.C.P., was amended in 1975 to read:

"A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim." (Acts 1975, 64th Leg., p. 479, ch. 203, § 6, eff. Sept. 1, 1975.)

Article 38.07 had formerly read:
"In prosecutions for seduction the female alleged to have been seduced shall be permitted to testify; but no conviction shall be had upon her testimony unless the same is corroborated by other evidence tending to connect the defendant with the offense charged."

The changes wrought by the 1975 amendment are readily apparent. Further, it clearly appears that it was the legislative

intent that testimony of the victim of a sexual offense under Chapter 21 of the Penal Code need not be corroborated in order to support a conviction if the requirements of the statute are met. This would operate as an exception to the general rule set forth in Article 38.14, V.A.C.C.P., in those cases where one is the victim of a sexual offense and would otherwise be an accomplice witness.

In 53 Tex.Jur.2d, Statutes, § 186, pp. 280–284, it is written:

"It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature.

"In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.

"The purpose of the in pari materia rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing on the same subject. The rule proceeds on the supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. Thus, it applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. But where a general statute and a more detailed enactment are in conflict, the latter will prevail, regardless of whether it was passed prior or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling. And, the rule is not applicable to enactments that cover different situations and that were apparently not intended to be considered together."

We conclude that Articles 38.07 and 38.14, supra, are in pari materia and when construed together can be harmonized. The general rule of Article 38.14, supra, applies except where the accomplice witness is a victim of a sexual offense in which the testimony of the witness need not be corroborated in order to support a conviction.

Appellant argues that "victim" and "accomplice witness" are far from being interchangeable. While not every victim of a sexual offense is an accomplice witness and vice versa, this does not mean that a person cannot be a victim of a sexual offense and also be an accomplice witness except for the provisions of Article 38.07, supra. Appellant's brief states, "It is hard to imagine that the legislature meant to strike down this entire area of the law and wipe out a long line of cases dealing with accomplice witnesses in sex cases." Nevertheless, Article 38.07, supra, speaks for itself.

█ With this background, we turn to the grounds of error advanced by the appellant. He first urges the court denied him an opportunity to interrogate the jury panel on the law relating to the accomplice witness rule. The record reflects the court based its ruling on Article 38.07, supra, and the circumstances of this case show the fifteen year old complainant was the victim of the offense of sexual abuse of a child (V.T.C.A., Penal Code, § 21.10). Thus, if it was established that the complainant was also an accomplice witness, his testimony need not be corroborated in order to support a conviction. We cannot conclude that error is reflected. Care should be taken, however, in limiting voir dire examination in this regard. There well may be witnesses other than the victim in a sexual offense case who may be accomplice witnesses. An accused would surely be entitled to state

the accomplice witness rule and interrogate the panel concerning the same. However, this was not the situation in the instant case.

As to appellant's remaining grounds of error, we conclude they are without merit in light of the holding that Article 38.07, supra, controls over Article 38.14, supra, where the witness in question is the victim of a sexual offense under Chapter 21 of the Penal Code even though it be shown that otherwise he would be an accomplice witness.

The judgment is affirmed.