**Ralph HERNANDEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 04–81–00053–CR.**

Court of Appeals of Texas, San Antonio.

July 28, 1982.

Bill J. Klingemann, Lippe, Klingemann & Wester, P. C., Seguin, for appellant.

Houston C. Munson, Jr., Dist. Atty., Gonzales, for appellee.

Before ESQUIVEL, CANTU and BASKIN, JJ.

OPINION

CANTU, Justice.

This is an appeal from a conviction for rape of a child. In a bench trial, the court found appellant guilty and assessed punishment at sixteen (16) years' confinement.

Appellant and the minor victim's mother were both indicted for this offense. In pertinent part, the indictment alleged,

1. Section 21.09. Rape of a Child.
   (a) A person commits an offense if he has sexual intercourse with a female not his wife and she is younger than 17 years.

[T]hat Ralph Hernandez and Ema G——— C——— on or about the 28th day of April, A.D. 1978, and anterior to the presentment of this Indictment, in the county and State aforesaid, did then and there unlawfully, intentionally and knowingly have sexual intercourse with N——— C———, a female younger than 17 years of age and not the wife of the said Ralph Hernandez or of Ema G——— C———.

The State relied entirely upon the testimony of two witnesses, the minor victim and her mother, to prove up a case against appellant of rape of a child under the provisions of Tex.Penal Code Ann. § 21.09 (Vernon Supp.1981).[1] Appellant did not testify but did offer evidence supporting the improbability of the truth of the charge.

The minor victim's mother testified at the trial and admitted to the unpardonable act of subjecting her minor daughter to the sexual appetite of her paramour. Whether she encouraged or initiated the alleged despicable act is not entirely clear from the record. Her admitted active participation, on the other hand, clearly established her status as an accomplice as a matter of law.

By his initial ground of error, appellant attacks the sufficiency of the evidence to support the conviction. More specifically, appellant complains that the testimony of the victim was insufficient on the issue of penetration.

The record reflects the following pertinent testimony by the victim relating to the issue of penetration,

Q. What did Ralph do after he got on top of you, N———?

A. He . . . put his private thing in mine.

Q. Okay. Then can you tell what else happened that night? N———, did it hurt when Ralph put his private thing into you?

\*      \*      \*      \*      \*      \*

A. Yes.

The victim further testified as follows,

Q. You went to school. Okay. At the time—you say—tell me again what Ralph did.

A. He put his private thing in mine.

Q. What does that mean?

A. He had sex with me.

■ We hold that this testimony alone was sufficient to establish the penetration required in a rape case. *See Garcia v. State,* 563 S.W.2d 925 (Tex.Cr.App.1978); *Cowan v. State,* 562 S.W.2d 236 (Tex.Cr. App.1978); *Sherbert v. State,* 531 S.W.2d 636, 637 (Tex.Cr.App.1976).

The question before this court is, however, of greater magnitude than a simple sufficiency of the evidence challenge to an isolated element of the offense. Appellant, in his second and third grounds of error, challenges the sufficiency of the corroboration required in this case. In view of appellant's additional challenge to the lack of corroboration of the only two State witnesses, a sufficiency review may not be had without first addressing the corroboration challenges.

Two articles are relevant to this appeal. Tex.Code Crim.Pro.Ann. art. 38.07 (Vernon 1979), as enacted effective September 1, 1975, provides,

A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim. [footnote omitted].

Tex.Code Crim.Pro.Ann. art. 38.14 (Vernon 1979) provides,

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

■ The State argues that the testimony of a victim under Tex.Code Crim.Pro.Ann. art. 38.07 (Vernon 1979), can be corroborated by an accomplice witness, thereby providing the sufficient probative evidence needed to support a conviction. We cannot agree.

Prior to amendment by the Legislature in 1975, Article 38.07, *supra,* addressed only the offense of seduction. *See* 1965 Tex. Gen.Laws, ch. 722, § 1, at 466—repealed by 1973 Tex.Gen.Laws, ch. 399, § 3(b), at 995. Prior law, Tex.Code Crim.Pro. art. 709 (1925) and 1891 Tex.Gen.Laws, ch. 33, § 1, at 34, 10 H. Gammel, Laws of Texas 36 (1898), also addressed the need for corroboration of the victim in seduction cases. Article 709 provided,

*Female Alleged to be Seduced*—In prosecutions for seduction, the female alleged to have been seduced shall be permitted to testify, but no conviction shall be had upon her testimony unless the same is corroborated by other evidence tending to connect the defendant with the offense charged.

In 1975, the 64th Legislature extended the requirement for corroboration to include a necessity for corroborating the testimony of victims of all sexual offenses under Chapter 21, Penal Code,[2] without regard to the victim's age, except in those cases where an outcry is made within six months after the date on which the offense is alleged to have occurred. In doing so, the Legislature sought to treat all victims identically by doing away with need for corroboration when a timely outcry is made to someone other than the defendant.

2. Chapter 21 includes: § 21.02 Rape, § 21.03 Aggravated Rape, § 21.04 Sexual Abuse, § 21.-05 Aggravated Sexual Abuse, § 21.06 Homosexual Conduct, § 21.07 Public Lewdness, § 21.08 Indecent Exposure, § 21.09 Rape of a Child, § 21.10 Sexual Abuse of a Child, and § 21.11 Indecency with a Child.

Under the law as it existed before enactment of the current Article 38.07, minor children enjoyed a favored status and were exempted from the requirement for corroboration of their testimony in those sex offenses where consent was not possible, without regard to timely outcry. Such was not always the case,[3] but it appears that the trend evolved toward a favored status through case law. *Hohn v. State,* 538 S.W.2d 619 (Tex.Cr.App.1976); *Carter v. State,* 506 S.W.2d 876 (Tex.Cr.App.1974); *Williams v. State,* 481 S.W.2d 119 (Tex.Cr. App.1972); *Uhl v. State,* 479 S.W.2d 55 (Tex.Cr.App.1972); *Bass v. State,* 468 S.W.2d 465 (Tex.Cr.App.1971); *Hindman v. State,* 152 Tex.Cr.R. 75, 211 S.W.2d 182 (1948); *Raifsnider v. State,* 146 Tex.Cr.R. 578, 176 S.W.2d 952 (1943); *Armstrong v. State,* 95 Tex.Cr.R. 107, 252 S.W. 777 (1923); *Moore v. State,* 90 Tex.Cr.R. 604, 236 S.W. 477 (1921). In *Hohn v. State, supra,* the Court of Criminal Appeals, in one of the last cases to arise outside the scope of present Article 38.07, recognized the pending effective date of the statute and finding it unnecessary to do so, declined to consider whether the prosecutrix's testimony had been corroborated.

Historically speaking, under the common law, the uncorroborated testimony of an accomplice was sufficient to sustain a conviction. *See Hoyle v. State,* 4 Tex.Ct.App. 239 (1878), *Bailey v. State,* 100 Tex.Cr.R. 110, 271 S.W. 627 (1925). It is only by virtue of legislative enactments that an accused may not be convicted of a crime except upon the corroborated testimony of an accomplice. Having enacted such a statute, our Legislature also has the authority to rescind all or any part of it, or to make such rules inapplicable to certain designated offenses. *Bailey v. State, supra.*

By statutory exception the Legislature has, at different times, dispensed with the need for corroboration. *See Gross v. State,* 169 Tex.Cr.R. 454, 334 S.W.2d 809 (1960) [practice of dentistry violation]; *Lemasters v. State,* 164 Tex.Cr.R. 108, 297 S.W.2d 170 (1956) [gaming violation]; *Burton v. State,* 149 Tex.Cr.R. 579, 197 S.W.2d 346 (1946) [liquor laws violation][4]; *Pope v. State,* 114 Tex.Cr.R. 551, 26 S.W.2d 635 (1929) [game, fish and oysters violations]. Other exceptions have been created by the courts, in circumstances in which the proceeding did not subject the accused to a conviction. *See Soliz v. State,* 171 Tex.Cr.R. 376, 350 S.W.2d 566 (1961) [revocation of probation]; *In the Matter of S. J. C.,* 533 S.W.2d 746 (Tex.) cert. denied 429 U.S. 835, 97 S.Ct. 101, 50 L.Ed.2d 100 (1976) [juvenile adjudication].[5]

Prior to the amendment to present Article 38.07, a conviction for rape, other than for rape of a minor child (statutory rape), could not be sustained if it was based upon the uncorroborated testimony of a prosecutrix who failed to make an outcry or prompt report of the rape when there was a reasonable opportunity to do so. *Villareal v. State,* 511 S.W.2d 500 (Tex.Crim.App. 1974); *White v. State,* 478 S.W.2d 506 (Tex. Cr.App.1972). However, the rule requiring corroboration of the testimony of a victim who fails to promptly report the rape, was applicable only when consent was an issue. *Villareal v. State, supra, Hindman v. State, supra.* Because statutory rape cases, as a matter of law, involved the inability to consent, the rule was not applied to those cases.

Under the general rule concerning accomplice witnesses, a conviction cannot be based on an accomplice witness' testimony unless there is additional evidence to connect the defendant with the crime. Article 38.14, *supra.*

Article 38.07, *supra,* has been termed an exception to the rule in Article 38.14. *Alonzo v. State,* 575 S.W.2d 547 (Tex.Cr.App.

---

**3.** *See Gazley v. State,* 17 Tex.Ct.App. 267 (1884); *Ayres v. State,* 104 Tex.Cr.R. 329, 283 S.W. 828 (1926).

**4.** The Legislature restored the need for corroboration in 1979. *See* Tex.Alc.Bev.Code § 101.- 06. (Vernon Supp.1981).

**5.** The Legislature added the need for corroboration in 1979. *See* Tex.Fam.Code Ann. § 54.- 03(e) (Vernon Supp.1981), effective August 27, 1979; *see also In the Interest of A. D. L. C.,* 598 S.W.2d 383 (Tex.Civ.App.—Amarillo 1980, no writ).

1979); *Vickery v. State*, 566 S.W.2d 624 (Tex.Cr.App.1978). Therefore, if a witness is an accomplice other than the victim, corroboration of his testimony is required under Article 38.14, *supra*. If, however, the accomplice is also the victim of the offense, or merely the victim without also being an accomplice, Article 38.07 will be invoked if outcry is made within the prescribed period. Once Article 38.07 has been properly invoked, no corroboration of the victim or victim/accomplice's testimony is required to support a conviction.

In the instant case the child was a victim of the offense but was not an accomplice witness, since she could not legally consent to participation in the act. Her mother was an accomplice under Article 38.14, unaffected by the provisions of Article 38.07.

An accomplice witness has been defined as a person who has been a participant in the crime either before, during, or after its commission. The witness must be subject to prosecution for the offense to be considered an accomplice witness. *Villarreal v. State*, 576 S.W.2d 51 (Tex.Cr.App.1978). He is also a discredited witness, because his testimony alone cannot furnish the basis for a conviction. *Cast v. State*, 164 Tex.Cr.R. 3, 296 S.W.2d 269 (1956).

██ If the witness has been indicted for the offense on trial or implicates himself or herself while testifying, the witness is an accomplice as a matter of law. *Kerns v. State*, 550 S.W.2d 91 (Tex.Cr.App.1977). Where one encourages another to have intercourse with a girl under the age of consent in his presence, each is an accomplice of the other. *New v. State*, 141 Tex.Cr.R. 536, 148 S.W.2d 1099 (1941). The victim's mother was an accomplice witness as a matter of law. *Hendricks v. State*, 508 S.W.2d 633 (Tex.Cr.App.1974).

██ Once a witness is shown to be an accomplice witness, the next step is to determine if the State has adduced adequate corroborative testimony to sustain a conviction. The test applicable to an appellate court in determining the sufficiency of corroboration is to eliminate the accomplice testimony from consideration, and then determine if there is other incriminating evidence tending to connect the defendant with the crime. *Hernandez v. State*, 578 S.W.2d 731 (Tex.Cr.App.1979); *Hammonds v. State*, 166 Tex.Cr.R. 499, 316 S.W.2d 423 (1958).

██ The law does not require that all of the facts be corroborated but only that all of the *essential* facts be corroborated by circumstances or otherwise than by the evidence of the accomplice, and they must be more than merely suspicious circumstances. A chain is no stronger than its weakest link, and if the State must rely on the accomplice's testimony for some material fact without any corroboration whatsoever, the conviction cannot stand. *Almazan v. State*, 140 Tex.Cr.R. 432, 145 S.W.2d 576 (1940).

██ The purpose of Article 38.14 is to prohibit a conviction unless there is some evidence entirely exclusive of that of the accomplice which of itself, and without the aid of the accomplice, tends to raise something more than a mere suspicion of the guilt of the accused. Corroboration is required because of the questionable character of such testimony, since it may be influenced by promise of immunity, or by hope of reward, benefit, or advantage for the witness. Experience has shown that testimony of an accomplice should be viewed with suspicion because it comes from a tainted source. VII J. Wigmore, Evidence 322–325 (3d ed. 1940). There can be no conviction on the testimony of accomplices alone, no matter how many there may be, if their testimony is not corroborated by evidence apart from accomplice testimony. *Fields v. State*, 426 S.W.2d 863 (Tex.Cr.App. 1968); 2 Branch's Annotated Penal Code 2d 44 and cases collated therein.

██ The State is not required to point to some single or isolated fact which in itself, unrelated to other proven facts, will be sufficient corroboration. It is the combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supplies the test. *Minor v. State*, 108 Tex. Cr.R. 1, 299 S.W. 422 (1927). By eliminat-

ing the testimony of the victim's mother, an accomplice as a matter of law, we are left solely with that of the victim to support the conviction, if it can. But although the child, as the victim of rape, cannot be an accomplice, *Soliz v. State*, 163 Tex.Cr.R. 508, 293 S.W.2d 662 (1956), *Fields v. State*, 147 Tex.Cr.R. 540, 182 S.W.2d 815 (1944), *Lucas v. State*, 86 Tex.Cr.R. 439, 216 S.W. 396 (1919), she nevertheless remains a victim requiring corroboration under Article 38.07 and occupies a status not unlike that of an accomplice. (Compare rape cases prior to the present Article 38.07 requiring that the prosecutrix be corroborated *as an accomplice* where she has failed to make an outcry. *Hindman v. State, supra. See also Nemecek v. State*, 621 S.W.2d 404 (Tex.Cr. App.1980), which holds that under the present Article 38.07 the type of corroboration needed is the same as that needed under Article 38.14).

Corroboration in the earlier cases was required not because failure to make an outcry connects the victim with the alleged crime [as an accomplice], but because lack of an outcry tends to lessen or diminish the credit to be given her testimony. *Hindman v. State, supra; Ex parte Merrill*, 150 Tex. Cr.R. 365, 201 S.W.2d 232 (1947). The present Article 38.07 accomplishes the same objective, but applies the benefits and disadvantages to all situations alike. Whether this objective is desirable is not for this Court to say. The law as written is clear, and we ought not change it even if we could. On the contrary, all the members of this Court are sworn to declare it as written. The Legislature alone can change it.

Surely the Legislature envisioned that a child under the age of consent might be the victim of some lecherous scoundrel of the opposite sex of years above hers who would be assisted by the young girl's natural mother to rob her of her virtue. An outcry under the circumstances might never be made, for surely if it cannot be made to the girl's own mother because she participated in the dastardly deed, to whom would it be made? [6] Notwithstanding such presumed knowledge, the Legislature undertook to apply Article 38.07 across the board to all offenses under Chapter 21 of the Penal Code. It is not for this Court to ignore the plain meaning of the law, to attempt to rewrite the statute or to turn our vision away from the facts of the case because the inevitable strikes us as distasteful. We have already noted that the Legislature has tended, since the enactment of Article 38.-07, *supra*, to extend the requirement of corroboration of accomplices to other areas of the law.[7]

Viewing the State's evidence under the test set out in *Hernandez v. State, supra*, all that remains is the testimony of the victim requiring corroboration and with nothing to supply that corroboration. The defense did call to the stand a physician who had examined the victim about ten months after the alleged incident. His testimony, however, in no way provided the independent corroboration required in this case. He testified that the victim's vagina was very pliable and like that of an adult female. He could not determine from the examination whether the dilation had resulted from intercourse or from use of tampons. The victim had told him that she had been using tampons for about three months prior to the examination. According to the doctor, the victim's vagina was like "that of college girls who haven't had intercourse but used tampons." The doctor's testimony on the issue of penetration was that

---

6. The record reflects a claim by the victim that she wrote a letter to her aunt informing her of the incident made the basis of the prosecution. The letter was not produced, the record is silent as to the date of the letter and the aunt did not testify nor was her absence explained to the court. Since the victim's testimony cannot be corroborated with her own statement, written or oral, made to a third person, *see Brown v. State*, 167 Tex.Cr.R. 352, 320 S.W.2d 845

(1959); *Pipkin v. State*, 154 Tex.Cr.R. 640, 230 S.W.2d 221 (1950), the testimony of the missing aunt was critical to the State's case if the victim's outcry was to be established within the statutory period. The non-testifying aunt's missing testimony is reminiscent of the situation presented in *Black v. State*, 109 Tex.Cr.R. 2, 2 S.W.2d 459 (1928).

7. See footnotes 4 and 5, *supra*.

[T]here's no way that I can tell, you know, just by looking, whether or not that that's been dilated either through intercourse or through a tampon, but if—you know, it had been dilated.

Q. She was using tampons at that time?

A. Right.

Q. Okay. Based on your experience and medical opinion and evidence, can you tell if she had intercourse at that time?

A. No.

Q. You cannot tell if she had been penetrated or not?

A. No.

This medical testimony in no way corroborates either the victim or the mother because it reinforces doubt rather than supports a finding of intercourse.

■ In the absence of corroboration of either the victim or the accomplice, the evidence is insufficient to support appellant's conviction and we so hold. Under the holdings in *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), *Ex parte Reynolds*, 588 S.W.2d 900 (Tex.Cr.App.1979), and *Ex parte Colunga*, 587 S.W.2d 426 (Tex.Cr.App.1979), appellant is entitled to an acquittal.

In reaching our conclusion, we have done so with some reluctance and only after satisfying ourselves that no other disposition of the case can be made without doing violence to the intent of the Legislature and firmly established principles of law. To deviate from them, in our opinion, would be more detrimental to the public interest than a reversal of the judgment. Almost half a century ago Judge Beauchamp, speaking for the Court of Criminal Appeals in *Almazan v. State, supra*, addressed the same dilemma facing this court now:

It is unfortunate that designing criminals sometimes so lay the scene of their activities that there is great difficulty in proving their guilt, and more unfortunate still is it that frequently the State is not able to do so, but such is no argument in favor of a rule which would permit the conviction of innocent people on the testimony of a party or parties involved in the crime, or that reliance may be had on, 'the finger of suspicion.' For the purpose of corroborating testimony which is considered too unreliable to take human liberty, something stronger is required than mere suspicion. This court has always so held.

For the foregoing reasons, we reverse and reform the judgment to reflect an acquittal. *Greene v. Massey, supra; Burks v. United States, supra.*

BASKIN, Justice, dissenting.

I strenuously dissent.

Appellant was convicted of rape of a child upon trial to the court and sentenced to confinement of sixteen years.

The majority opinion correctly states that the State offered the testimony of only two witnesses, that of the minor victim and that of her mother. It also correctly points out that the victim's mother was indicted, along with appellant, for the offense of rape of a child.

The testimony of the victim and of her mother was substantially as follows: Ema C_____, mother of the victim, was married, but the record is unclear whether she was divorced or separated from her husband. The two or three oldest children lived with the father and the remainder lived with Ema. The victim was the oldest of those living with the mother.

At the time of the offense as alleged in the indictment, on or about April 28, 1978, appellant was living with Ema. At about 11:00 p. m. that day, appellant told Ema "he was going to have sex" with the victim.

Ema called the victim into the living room in which Ema and appellant slept. When the victim complied, appellant told her to take off her clothes and to get into bed. Out of fear of appellant, the victim complied. Ema then came into the room, and appellant got on top of the minor victim. Appellant ordered Ema, in Ema's words, to "put her [the victim's] feets up." The victim described it: "Then Ema held my legs." After receiving such assistance from Ema, appellant ordered Ema to leave the room and she did so.

The victim variously described what happened to her was that appellant put his "private thing" in her "private thing" and that appellant "had sex with me," and that "he got on top of me, and he did it to me." Ema testified that appellant had intercourse with the victim.

At the time these events took place, the child was eleven years old and had not yet begun to menstruate. Both the victim and her mother testified that the victim bled a small amount at the time of the sexual encounter, and the victim testified that it was painful.

The first point of error complains that the evidence was insufficient to support the conviction of rape of a child. The argument was limited to evidence regarding penetration.

I fully concur with the majority that the testimony of the victim was sufficient to establish the penetration required in a rape case, and I concur in the citation of cases by the majority to support their conclusion. I would take the additional step of overruling appellant's first ground of error.

I must strongly disagree with the majority in their conclusions with regard to the second and third points of error. In his second point, appellant asserts that his conviction may not be sustained, under the provisions of Tex.Code Crim.Pro. art. 38.07 (Vernon 1979) because the minor victim failed to make an "outcry" within six months of the alleged offense and there was insufficient corroborative evidence to support the testimony of the prosecutrix. In his third point, appellant says that his conviction cannot be supported because there was insufficient corroboration by the victim of the testimony of the mother who was indicted as an accomplice of the appellant in this rape of a child. The majority agree, taking the position that the testimony of the child required corroboration because she did not "outcry" but that her mother could not corroborate her because she, the mother, also required corroboration. Similarly the majority rule that the minor victim cannot furnish corroboration of her mother's testimony required by the moth-

er's status as accomplice, because the child's testimony must be corroborated. The argument of appellant, as adopted by the majority, is circular, and such sophistry must not be allowed to set aside the conviction found by the trial judge.

The opinion of the majority tracks the history of legislation and court rulings regarding the requirement of corroboration of testimony of victims of sex offenses, with particular reference to application of a rule requiring corroboration of the testimony of minors who could not, because of age, give consent to sexual activity. The majority then suppose that "surely" the Legislature envisioned that a child under the age of consent might fall victim to "some lecherous scoundrel" of the opposite sex who would be assisted by the child's mother. The Legislature, assume the majority, must have realized that the child might never be able to make an "outcry" since her own mother had participated in the "dastardly deed." With these suppositions in mind (and with the imputed knowledge that the Court of Criminal Appeals had held that art. 38.07 did not apply if the victim was of such an age that legal consent could not be given), the majority conclude that the Legislature undertook to apply art. 38.07 to all convictions under Chapter 21, Penal Code, intending to require corroboration of the testimony of a victim of a sex offense, even though the victim is of tender years and unable to give consent unless that child has made an outcry within six months after the date of the alleged offense.

I cannot ascribe such reasoning to our Legislature. I believe that the Legislature, knowing that the courts had excepted minors from application of art. 38.07 if consent was not in issue, *see Hindman v. State*, 211 S.W.2d 182 (Tex.Cr.App.1948), assumed that the courts would continue so to hold. Furthermore, I believe that the courts, under constitutional separation of powers, had properly so held and can do so now.

Furthermore, the words of art. 38.07 describe the person to whom "outcry" must be made as *"any* person, other than *the* defendant, . . ."* The defendant in this case

was Ralph Hernandez; and Ema C_____, even though an accomplice witness, was *any* other person. It requires artful construction to read Ema out of the picture when she was informed of the offense by sight, by hearing, and by touching her minor daughter.

My real quarrel with the opinion of the majority arises, however, from the fact that the provisions of art. 38.07 are not applicable in this case. This is not a case in which the conviction is supported on "the uncorroborated testimony of the victim." The victim's testimony was alone sufficient to support a conviction unless art. 38.07 prevented it from doing so. That testimony was clearly and in considerable detail corroborated by the testimony of her mother, Ema.

*Wilmeth v. State,* 629 S.W.2d 218 (Tex.App.—Dallas 1982, no petition) has great similarity to the case before us. In that case Wilmeth was convicted of sexual abuse of a child upon the testimony of the complainant and of "complainant's mother, an accomplice, who substantially corroborated complainant's testimony." Wilmeth complained that the trial judge erred in not charging the jury pursuant to art. 38.07 of the Code of Criminal Procedure. After quoting the section verbatim, the court, in a unanimous decision, said:

> Prior to the enactment of article 38.07, the complainant's testimony in a sexual offense case had to be corroborated by some other evidence. *See* 1965 Tex.Gen. Laws, ch. 722; Code Crim.Pro. art. 38.07 at 466. The present article 38.07 was enacted to permit conviction to be supported solely on the uncorroborated testimony of the complainant. *See Hargrove v. State,* 579 S.W.2d 238, 239 (Tex.Cr.App. 1979). Thus, article 38.07 applies only to those situations where the State seeks a conviction based *solely* upon the uncorroborated testimony of the complainant and the instruction in article 38.07 need not be given where the complainant's testimony is corroborated. Since complainant's testimony in this case was substantially corroborated by her mother, article

> 38.07 is inapplicable and the trial judge was not required to charge pursuant to it. [Emphasis added.]

In the case at bar, the mother's testimony also substantially corroborated that of her daughter; and, by the reasoning in *Wilmeth,* art. 38.07 is inapplicable in this case.

The standard of corroboration under art. 38.07 is the same as the standard of corroboration under art. 38.14; and the standard of sufficiency under art. 38.14 is that the corroboration tends to connect the defendant with the offense charged. *Nemecek v. State,* 621 S.W.2d 404 (Tex.Cr.App.1980). In *Pinson v. State,* 598 S.W.2d 299, 302 (Tex.Cr.App.1980) the Court of Criminal Appeals, after quoting art. 38.14, said:

> In *Edwards v. State,* 427 S.W.2d 629, 632 (Tex.Cr.App.1968), this Court laid down the following rule:
>
>> The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be *inculpatory evidence,* that is evidence of incriminating character which *tends to connect* the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not. [Emphasis added.]

Application of such standard of sufficiency of corroboration under art. 38.07 supports the conviction. Ema's testimony corroborated that of her daughter, the victim, in at least the following respects:

1. Identification of appellant;

2. Identification of time and place;

3. Placement of appellant in bed with her unclothed daughter;

4. Observation that appellant had sexual intercourse with her daughter;

5. The fact that she, the mother, positioned the legs or feet of her daughter to accommodate appellant;

6. The fact that her daughter was eleven years old at the time;

7. The fact that her daughter had not begun to menstruate at the time;

8. The fact that her daughter bled as the result of the intercourse; and

9. The fact that appellant told Ema that the daughter would need to take birth control pills in the future when she began to menstruate.

It cannot be seriously contended that the mother's testimony did not corroborate the victim's testimony so as to *tend to connect appellant with the crime charged.* The majority instead assume that because the mother was indicted along with appellant, her testimony had to be corroborated. The circular holding is that the mother's testimony could not be used to corroborate the testimony of the victim. The two articles do not require such drastic restriction of supportive evidence, and no case so holds. The majority choose to ignore the Dallas Court's holding in *Wilmeth* and fashion their own rule with regard to corroboration of the testimony of a minor victim of statutory rape, thus making it impossible to convict a rapist if he has secured assistance of the minor's mother. The Legislature could not have intended such a monstrous result; the language of art. 38.07 does not require it, and no court has so held. Appellant's second ground of error should be overruled.

If the victim's testimony was, under art. 38.07, corroborated by her mother's testimony, then that corroboration is sufficient to support the conviction. It would follow that appellant's third ground of error could be summarily overruled, because it is not necessary to support the conviction under art. 38.14 if it is fully supported under art. 38.07.

Even if I am wrong in that assertion, the third ground of error should be overruled. Article 38.14 provides that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed. *Nemecek* and *Pinson,* *supra,* once more lay out the standard of sufficiency of corroboration.

Application of that standard under art. 38.14 supports the conviction. The victim's testimony tended to and indeed and in great detail did connect appellant with the commission of the offense of rape of a child. If Ema were not an accomplice witness, her testimony would have been enough to support appellant's conviction. The child's testimony was overwhelming corroboration of her mother's testimony. The third ground of error is therefore without merit.

Grounds of error numbers four and five cumulatively argue the same issues asserted in the first three grounds of error. For the reasons given above, these grounds of error should also be overruled.

If the points of error relating to sufficiency of evidence, including corroborative evidence, are overruled, then the final three grounds of error raised by appellant need to be addressed briefly.

By his sixth ground of error, appellant maintains that the record does not affirmatively disclose that the court-appointed counsel in this case had ten (10) days to prepare for trial or that said counsel filed a written waiver of this privilege as is required under Tex.Code Crim.Pro.Ann. art. 26.04(b) (Vernon 1966). Contrary to this contention, the record before this court reflects the appointment of counsel on March 7, 1979, and the trial of this case on March 21, 1979. The requirements of art. 26.04(b) were satisfied, and ground of error six should be overruled.

Appellant also asserts that the trial court committed reversible error in failing to grant appellant's motion for a continuance pursuant to Tex.Code Crim.Pro.Ann. art. 29.03 (Vernon 1982). Appellant based his motion on an alleged need for more time to conduct discovery procedures. The decision to grant or to refuse a continuance rests within the sound discretion of the trial court and is reversible only upon an abuse of that discretion. *Taylor v. State,* 612 S.W.2d 566 (Tex.Cr.App.1981); *Corley v. State,* 582 S.W.2d 815, *cert. denied,* 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 176 (1979). An abuse of discretion will not be shown unless the record reflects that the defendant was deprived of material evidence resulting in harm or prejudice. *Leach v. State,* 548 S.W.2d 383 (Tex.Cr.App.1977);

*Robinson v. State,* 454 S.W.2d 747 (Tex.Cr. App.1970). There is no affirmative indication that a continuance would have allowed appellant to produce evidence meeting this standard. Appellant failed in his motion for new trial to show what the evidence would have been or the materiality of the alleged missing evidence. *Leach v. State, supra,* at 385; *McCloud v. State,* 494 S.W.2d 888 (Tex.Cr.App.1973); *Palasota v. State,* 460 S.W.2d 137 (Tex.Cr.App.1970). There was no abuse of discretion by the trial court in denial of the motion for continuance. Ground of error number seven should be overruled.

Finally, appellant claims that the trial court erred by taking no action upon appellant's timely request for an examining trial, thus impliedly denying the request. Appellant says that he made a *pro se* motion for an examining trial on or about February 26, 1979, but that no action was taken upon his motion which became moot when he was indicted on March 5, 1979. The trial court found that the motion was never filed with the clerk of the court nor presented to the court, holding that it could not be considered a part of the record.

Since no such motion exists in the record, the return of the indictment by the grand jury terminated appellant's right to an examining trial. *White v. State,* 576 S.W.2d 843 (Tex.Cr.App.1979); *Brown v. State,* 475 S.W.2d 938 (Tex.Cr.App.1971). Ground of error number eight should be overruled.

Since none of appellant's grounds of error is meritorious, the judgment should be affirmed.

The precise rule adopted by the majority has never been announced by any other court; and to that extent, this is a case of first impression. By inference, however, this rule is contrary to the rule announced in *Wilmeth v. State, supra;* and to that extent, there are contrary rules adopted by different courts of appeals. I respectfully urge the Court of Criminal Appeals to grant discretionary review, whether or not the State so moves, in order to instruct us with regard to whether a minor victim's testimony may be corroborated by an ac-complice and to whether an accomplice's testimony may be corroborated by a minor victim under arts. 38.07 and 38.14.