### Albert Smith v. The State.

#### No. 238. Decided January 26, 1910.

**Adultery—Insufficiency of the Evidence—Accomplice.**

See opinion for uncorroborated evidence of accomplice held insufficient to support the indictment charging adultery by means of habitual carnal intercourse without living together.

Appeal from the County Court of Fannin. Tried below before the Hon. H. A. Cunningham.

Appeal from a conviction of adultery; penalty, a fine of $250.

The opinion states the case.

*Taylor & Lipscomb* and *Hous Lee,* for appellant.—On question of corroboration of an accomplice: Gabrielsky v. State, 13 Texas Crim. App., 428; Merritt v. State, 10 Texas Crim. App., 402; Carrens v. State, 91 S. W. Rep., 30.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for adultery, the punishment being assessed at a fine of $250.

The indictment charged the adultery as having occurred by means of habitual carnal intercourse without living together, appellant having a living wife, to wit: Alice Smith. Willie Smith testified that she had been married to appellant; that this occurred in January, 1908; that she lived with him about three months, and the theory of the State was that appellant in October, 1908, married Alice Smith. That about the first of November appellant began having intercourse with the witness, and this continued at intervals until about April 10, 1909. She says that would occur sometimes twice a week, and that these acts were never farther than three weeks, from November 1, 1908, to the following April 10, and that appellant had intercourse with her about thirty times during these months. Alice Smith, appellant's wife, gave birth to a child along about the first of April, 1909, the marriage having occurred on the last Sunday in October, 1908. No witness except Willie Smith testified to any act of intercourse between the parties. Two witnesses, Summers and Tacker, testified that about the first of March he and Tacker were crossing a pasture, and saw defendant and the witness Willie Smith, or Tacker, as he called her, in the public road about a quarter of a mile from where they were; that defendant got on his horse and rode away, and Willie Smith came down the road to where they were. Lanham testified that appellant and Lige Lawrence came to his house during the month of March and asked the way to Mr. Tacker's residence, Tacker was the father of Willie Smith, stating he wished to go there but did not know where he lived. The evidence shows that Willie Smith was living with her father. Witness said he directed appellant, and he and Lawrence went away, and they came back in a couple of hours and told witness they could not find the place; that witness must have given him the wrong direction. Witness then told him he would go with him and show him the way, but appellant replied that that would let the cat out of the sack, and drove off. Luther Taylor testified that he was working for appellant's father, and had been over to see Willie Smith twice since he came back to Fannin County; that he had been back about three months; that he

walked about five miles each time that he called to see her; that he wanted to see Willie Smith and for that reason he went to see her; that he had known her several years, and was remotely related to her. Willie Smith was again introduced, and stated that she had seen appellant write, and that she had been married to defendant in January, and lived with him several months, and had received letters from him, and knew his handwriting, and that the letters offered in evidence were written by defendant and received by her, some through the mail and some were handed to her by defendant in person. These letters were introduced in evidence, and were of a rather endearing nature. Rusell Ball testified that he went to see Mrs. Smith after appellant was arrested; that this was done at appellant's request; he stated he wanted to talk to her about his case, and to tell her to meet him down at the slat gate. It was about a quarter of a mile from her house. Witness said he went and told her and she went toward the slat gate. This is the substance of the testimony.

We might state that the letters contained no admissions of adulterous intercourse. While endearing in their nature, they were somewhat complaining that she was not responsive in her affections. Under this state of case there are several legal questions presented. Some special charges were requested and refused, and there are other exceptions relative to matters of evidence. A discussion of these matters is pretermitted in view of the fact that we are of opinion that the evidence is not sufficient to support the conviction. If it be conceded that the act of sexual intercourse happening from the first of November to the 10th of April at intervals of from twice a week to three weeks apart will constitute habitual intercourse, as testified by the prosecutrix, her testimony is not corroborated in the manner required by law. A proper test has been laid down by the decisions of this court in ascertaining necessary corroboration, to wit: eliminating the testimony of the accomplice, does the remainder of the testimony show or tend to show that the defendant did have intercourse with the woman as charged, that is, habitual intercourse? From the statement above made we are under the impression this must be answered, that the facts and circumstances are not sufficient to tend to show that he had habitual intercourse with Willie Smith. The letters can not be regarded as evidence of corroboration. No witness swore or undertook to swear that appellant ever wrote the letters except Willie Smith. Under the well settled rule she can not corroborate herself. The other facts and circumstances mentioned are too insignificant in character and nature to show or tend to show acts of intercourse.

As the record presents this case we are of opinion that the evidence is not sufficient to sustain the conviction, and, therefore, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.