JOHN C. FREEMAN V. THE STATE.

No. 21393. Delivered January 29, 1941.

Rehearing Granted February 19, 1941.

The opinion states the case.

*T. B. Bartlett, Jr.*, of Marlin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is swindling. The punishment assessed is confinement in the State penitentiary for a term of two years.

The record before us shows that neither the bills of exception nor statement of facts were filed within the time required by law to authorize us to consider the same. The motion for a new trial was overruled on the 29th day of June, 1940, and the appellant was allowed ninety days from said date within which to file the bills of exception and statement of facts. The bills of exception found in the transcript were filed on October 30, 1940, which was 123 days after notice of appeal was given. The statement of facts was not filed in the trial court until October 22, 1940, which was something over 100 days after notice of appeal was given. Consequently, in the absence of a statement of facts and bills of exception, there is nothing presented for review except the sufficiency of the indictment which seems to be in due order.

Since no error has been presented by the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

It is now made to appear that the motion for new trial was overruled on the 29th day of August, 1940, and notice of appeal given on the same date. The date indicated in the transcript and referred to in the original opinion was not the correct date of the overruling of the motion for new trial but was a mistake made in the court below. Appellant was in fact granted ninety days from August 29, 1940, in which to file his bills of exception. The statement of facts and bills of exception having been filed in time, the record is considered on its merits.

On the 19th of February, 1940, appellant gave Otto Zipperlen a check on the Capital National Bank of Austin—signed by the appellant—in the sum of $135.65 in exchange for corn, gasoline, oil and food, of the aggregate value of $135.65. Mr. Zipperlen testified that he deposited the check in the Planters National Bank of Rosebud, Texas, a few days after he received it and that eleven days thereafter said check was returned to him unpaid, with the notation thereon "insufficient funds." The State introduced in evidence appellant's voluntary confession in which he stated that he gave Mr. Zipperlen the check in question on the 19th of February, 1940, in payment for corn, etc., and that at the time he delivered the check he (appellant) was aware that he did not have "money in the bank" to take care of the check. Testifying in his own behalf, appellant denied that he had stated to the officer taking the confession that he was aware he did not have money in the bank to pay the check. It was his version that he made this statement: "I didn't know whether I had enough money in the bank at all to pay for the check." Again, he testified: "As to whether or not I told him (referring to Zipperlen) it was good and would be paid off, I did and it was paid off."

It has been observed that the check bore date February 19, 1940. It is shown in bill of exception No. 4 that appellant offered to testify that on February 2, 1940, he had deposited $35.00 in the Capital National Bank of Austin; that on February 14, 1940, he had deposited $76.00 in said bank; that on February 15, he had deposited $21.00; that on February 19, he had deposited $25.00 in said bank; that the total amount he deposited from February 2nd to February 19th, was $157.00; that he did not remember at the time he gave the check to Zipperlen "whether or not I had drawn over $20.00 out of said bank * * *

but believed that I had only drawn two checks, neither exceeding the amount of $10.00." The State objected to the proffered testimony on the ground that it was "irrelevant, immaterial, and had no bearing upon appellant's guilt or innocence." The objection was sustained. The opinion is expressed that the bill of exception reflects reversible error. It was incumbent upon the State to prove beyond a reasonable doubt that appellant intended to defraud Otto Zipperlen at the time he gave him the check. The testimony shown in the bill of exception, if accepted, would have tended to show that no fraudulent intent was present at the time the check was executed and delivered.

Several bills of exception relate to proof of the fact, over appellant's objection, that the check bore a notation when returned "insufficient funds." No one connected with the Capital National Bank of Austin testified. Under the holding in Holland v. State, 2 S. W. (2d) 248, the bills of exception present error. We quote from Holland's Case, as follows:

"There is an entire absence of testimony as to the identity of the person who made the notation of "No acct.," without which notation a conviction could not be had. There is not even any evidence in the record to show that said check was ever forwarded to the Valley Bank of Phoenix, Ariz., or for that matter that it ever left El Paso. Who was the party who made this notation which is the State's main incriminating fact? Was he friend or foe? Did he have a motive for making same? Was the same true? Was the money in the bank originally and had same been improperly or erroneously charged to some other account? Had the account been garnisheed? None of these questions may have been in the case, but some of them may have been brought out as a fact on cross-examination, if such a right had been accorded the appellant. Instead, the unsworn statement of an unidentified and unknown person was introduced in evidence as a circumstance of guilt. His right of cross-examination was thus denied. The party who made the notation was not under oath. Appellant has been convicted upon an ex parte statement made in his absence without even knowing who gave the evidence against him.

"No citation of authorities is necessary to show that this statement on the check of 'No Acct.' was hearsay of the rankest kind under rules obtaining and in force since English jurisprudence had its birth."

See, also, Buckner v. State, 72 S. W. (2d) 274.

The motion for rehearing is granted, the judgment of affirmance is set aside and the judgment of the trial court is now reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.