NO













NO. 12-05-00231-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

DAVID
ELLISON,                                        §          APPEAL
FROM THE 241ST

APPELLANT

 

V.                                                                    §          JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §          SMITH COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 

 



MEMORANDUM OPINION








            David Ellison
appeals his conviction for engaging in organized criminal activity.  In three issues, Appellant contends that the
evidence was insufficient to corroborate the testimony of accomplices and that
the evidence was legally and factually insufficient to sustain his
conviction.  We affirm. 

Background

            In late 2003 and early 2004, Steven
Pugh and William Bradshaw stole three camper trailers, several regular
trailers, a work truck loaded with welding gear, a tiller, and at least one
riding lawn mower.  The authorities
conducted an investigation, and Appellant, Pugh, and Bradshaw were indicted for
engaging in organized criminal activity. 
Specially, the indictment alleged that Appellant “unlawfully
appropriate[d]” a tiller, a work truck and contents, and a lawnmower and that
he acted with the specific “intent to establish, maintain or participate in a
combination or in the profits of a combination who collaborated in carrying on
said criminal activity.”








            Appellant pleaded not guilty.  At trial, the property owners testified that
their respective property had been stolen. 
Innocent purchasers testified that they bought the lawnmower, equipment
from the truck, and the tiller from either Pugh or Bradshaw, or in one case
from Pugh’s girlfriend.  Appellant was
not present at any of these transactions although one of the transactions took
place on his property.  There was also
testimony that Appellant put the purchaser of the tiller in contact with
Bradshaw, who negotiated and completed the transaction.  

            Pugh and Bradshaw testified that
they worked in conjunction with Appellant. 
The arrangement was that Pugh and Bradshaw would steal various items and
Appellant would sell them or help to sell them. 
Both men testified that Appellant had limited involvement in the actual
theft of the truck, lawn mower, or tiller; but Pugh testified that he shared
some of the profits from the sale of the items from the truck and the lawn
mower with Appellant.  Pugh also
testified that Appellant wanted to keep the lawn mower for himself and that
Appellant told them to get the truck off his property in a hurry.  The truck was abandoned and burned on
Interstate Highway 20. The jury found Appellant guilty and assessed punishment
at twenty years of imprisonment and a fine of $10,000.00.  This appeal followed.

 

Accomplice Testimony

            In his first issue, Appellant argues
that the evidence does not sufficiently corroborate the testimony provided by
Steven Pugh or William Bradshaw.  

Applicable Law

            A conviction may not be sustained on
the testimony of an accomplice unless there is other evidence “tending to
connect a defendant to the offense committed.” 
Tex. Code Crim. Proc. Ann.
art. 38.14 (Vernon 2005); Simpson v. State, 181 S.W.3d 743, 753
(Tex. App.–Tyler 2005, pet. ref’d).  The
corroborating evidence need not directly connect the defendant to the crime or
be sufficient by itself to establish guilt, but it must do more than merely
show the commission of the offense.  Tex. Code Crim. Proc. Ann. art. 38.14; Vasquez
v. State, 67 S.W.3d 229, 236 (Tex.
Crim. App. 2002).  The requirement of
Article 38.14 is fulfilled if the combined weight of the nonaccomplice evidence
tends to connect the defendant to the offense. 
Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App.
1999).  The corroborating evidence may
consist of circumstantial evidence, Gosch v. State, 829 S.W.2d
775, 777 (Tex. Crim. App. 1991), and even apparently insignificant
incriminating circumstances may sometimes afford satisfactory evidence of
corroboration.  Trevino v. State,
991 S.W.2d 849, 852 (Tex. Crim. App. 1999).

            To evaluate whether there is
sufficient corroborating evidence, we eliminate the accomplice testimony from
our consideration and examine the record to ascertain whether the remaining
evidence tends to connect the defendant with the offense.  McDuff v. State, 939 S.W.2d
607, 612 (Tex. Crim. App. 1997).  The
accomplice witness rule is a statutorily imposed sufficiency review and is not
derived from federal or state constitutional principles that are the basis of
the legal and factual sufficiency standards. 
Vasquez, 67 S.W.3d at 236.

            The offense of engaging in organized
criminal activity is defined by section 71.02 of the Texas Penal Code.  It provides, in relevant part, that a person
commits an offense if, with the intent to establish, maintain, or participate
in a combination or in the profits of a combination, he commits or conspires to
commit theft.  Tex. Pen. Code Ann. § 71.02(a)(1) (Vernon 2005).  A “combination” is “three or more persons who
collaborate in carrying on criminal activities.”  Id.  § 71.01(a). 

Analysis

            Pugh and Bradshaw were accomplices
as a matter of law because they were indicted for the same offense as was
Appellant.  See Burns v.
State, 703 S.W.2d 649, 651 (Tex. Crim. App. 1985).  The evidence, other than the testimony of the
accomplices, that tended to connect Appellant to the offense is as follows:

 

1)            Richard
Wixsome[1] testified that he told
the purchaser of the tiller to call Appellant about the tiller.  The purchaser testified that he called “David”
about the tiller.  “David” told him to
contact Bradshaw.

 

2)            Larry Tidwell testified that he
bought some of the contents of the work truck at a barn on Appellant’s property
although he did not deal with or see Appellant during the transaction.  

            The State has offered several other
pieces of evidence it claims connect Appellant to the offense.  Specifically, the State points to the
testimony of the investigating officer. 
A representative sample of the detective’s testimony on this issue is as
follows:

 

Question:               Were
you able to determine whether [Appellant] aided, encouraged, solicited, or
helped Stephen Pugh and Bill Bradshaw, William Bradshaw, in the commission of
these thefts?

 

Answer:                 Yes.

 

            The detective then testified that he
had determined that Appellant aided, encouraged, solicited or helped Pugh or
Bradshaw in the commission of the thefts. 
The detective’s conclusion,  which
was essentially that Appellant was guilty, appears to have been derived from
information he received from the accomplices. 
Certainly he was never asked if his determination came from any other
source, and he testified that Appellant denied participating in any wrongdoing.  Therefore, the detective’s testimony is not “nonaccomplice”
evidence and may not be considered for the purpose of determining if there is
other nonaccomplice testimony that links Appellant to the crime.  See McDuff, 939 S.W.2d
at 612; Beathard v. State, 767 S.W.2d 423, 429 (Tex. Crim. App.
1989); Brown v. State, 320 S.W.2d 845, 847 (Tex. Crim. App.
1959).  The detective did testify about a
transaction where the buyer of a trailer was able to identify Appellant as the
seller, but there is no indication that this transaction involved a stolen
trailer or that it was part of an agreement between Appellant and Bradshaw or
Pugh.  

            The State also suggested that the
testimony of the purchaser of the lawn mower provides evidence linking
Appellant to the crime.  The purchaser of
the lawnmower, however, testified that he had no contact with Appellant, did
not go to his house to make the purchase, and that Pugh and his girlfriend
brought it to his house.  This is not
evidence that links Appellant to the offense.

            In sum, the nonaccomplice testimony
that tends to link Appellant to these offenses is that  he put the purchaser of the tiller in contact
with the seller and that his property was used to store the stolen work
truck.  Taken separately, these pieces of
evidence would be inadequate to link Appellant to the combination.  The court of criminal appeals has held that
merely providing assistance with a transaction is insufficient to link a person
to the offense absent corroborative evidence to show the person’s knowledge
that the item was stolen.  See Deas
v. State, 531 S.W.2d 810, 813 (Tex. Crim. App. 1976) (“There is a
complete absence of any corroboration of the fact that he had knowledge that
the cattle which he attempted to sell were stolen.”); but see Tex. Pen. Code Ann. § 31.03(c)(2)
(Vernon 2005) (With respect to theft, the actor’s knowledge or intent may be
established by the uncorroborated testimony of the accomplice.).  Further, the court of criminal appeals held
in Cooper v. State, 537 S.W.2d 940, 945 (Tex. Crim. App. 1976)
that the mere presence of a stolen car on a person’s property was insufficient
to corroborate accomplice testimony about a theft.  

            This case, however, features both
kinds of corroborative evidence.  There
is corroborative evidence that places the stolen truck on Appellant’s property and
corroborative evidence that links him to the tiller transaction. 

            Corroboration must relate to a
material matter and must tend to connect the defendant with the commission of
the offense.  Holladay
v. State, 709 S.W.2d 194, 200 (Tex. Crim. App. 1986).  A conviction cannot stand if the
corroborative evidence does no more than point “the finger of suspicion”
towards an accused.  Castaneda v.
State, 682 S.W.2d 535, 538 (Tex. Crim. App. 1984).  Taken together, the corroborative evidence in
this case does more than simply point a finger at Appellant.  His property was used to store a stolen
truck, and he arranged the sale of a stolen tiller.  This is sufficient evidence to link him to
the charged offense.  We overrule
Appellant’s first issue.

 

Sufficiency of the
Evidence

            In his second and third issues,
Appellant argues that the evidence was legally and factually insufficient to
show that the offense was more than a single episode or to show that the value
of the property stolen exceeded $20,000.00 as alleged in the indictment.  

Standard of
Review–Legal Sufficiency

            The Fourteenth Amendment due process
guarantee requires that there be legally sufficient evidence to sustain a
criminal conviction.  Jackson v. Virginia, 443 U.S.
307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L.
Ed. 2d 560 (1979).  Evidence is legally
sufficient if any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson, 443 U.S. at 319; 99 S. Ct. at 2789; Russeau v.
State, 171 S.W.3d 871, 877 (Tex.
Crim. App. 2005).  For legal sufficiency
review, the evidence is examined in the light most favorable to the jury’s
verdict.  Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; Russeau, 171 S.W.3d at 877.  

            The legal sufficiency of the
evidence is measured against the offense as defined by a hypothetically correct
jury charge.  See Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
A hypothetically correct jury charge “accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant is
tried.”  Id.

            As authorized by the indictment, the
State was required to prove that Appellant committed a theft with the intent to
establish, maintain, or participate in a combination or in the profits of a
combination.  See Tex. Pen. Code Ann. § 71.02(a)(1).

Standard
of Review–Factual Sufficiency

            In reviewing factual sufficiency of
the evidence, we must determine whether a neutral review of the evidence, both
for and against the finding, demonstrates that a rational jury could find guilt
beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex.
Crim. App. 2004).  Evidence is factually
insufficient when evidence supporting the verdict, considered by itself, is too
weak to support the finding of guilt beyond a reasonable doubt.  Id.  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond a reasonable doubt standard
could not have been met.  Id. at 484–85.  A verdict will be set aside “only if the
evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.”  Sims
v. State, 99 S.W.3d 600, 601 (Tex.
Crim. App. 2003); Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App.
2002).  A clearly wrong and manifestly
unjust verdict occurs where the jury’s finding “shocks the conscience” or “clearly
demonstrates bias.”  Zuniga,
144 S.W.3d at 481. 

            As in legal sufficiency review, the
fact finder is the sole judge of the weight and credibility of a witness’s
testimony.  Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000); Johnson
v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).  The jury may choose to
believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).

Analysis–Continuing
Criminal Enterprise

            To support a conviction for
organized criminal activity, there must be proof of more than just a single
criminal act.  Nguyen v. State,
1 S.W.3d 694, 697 (Tex. Crim. App. 1999). 
In Nguyen, the court of criminal appeals held that the
State must show that the members of the combination intended to work together
in a “continuing course of criminal activities.”  Id.  

            Appellant argues that the activities
alleged in this case took place on a single day and, therefore, were not
evidence of an ongoing criminal enterprise. 
It is true that the grand jury alleged that the thefts occurred on a
single day, but the allegation was that the thefts occurred “on or about”
January 23, 2004 and the record demonstrates that the thefts did not all take
place on that day.  The work truck was
discovered to have been stolen on the morning of January 23, 2004.  It was not where it had been parked the night
before.  The tiller was reported stolen on
February 17, 2004, and the lawn mower was reported stolen on December 31,
2003.  Even if the tiller was stolen on
January 23, and the loss was not reported until the next month, there is still
evidence of more than one evening of criminal activity.  Furthermore, the accomplices testified that
the three thefts were part of a spree that spanned several months during which
they were out stealing or attempting to steal items as regularly as every
night.  

            This evidence is sufficient for the
trier of fact to have concluded, under either standard, that this was an
ongoing criminal enterprise and not just a flurry of criminal activity centered
around one evening or one transaction. 
We overrule Appellant’s second issue.

Analysis–Value
of Stolen Items

            Appellant argues that there was
insufficient evidence to show that the value of the stolen property was more
than $20,000.00.  This is important
because the level of offense for organized criminal activity is determined by
the level of offense of the component offenses. 
See Tex. Pen. Code Ann. § 71.02(b).  In this case, the most serious alleged
component offense was theft of more than $20,000.00.  Theft of more than $20,000.00 (and less that
$100,000.00) is a felony of the third degree. 
 Tex. Pen. Code Ann. § 31.03(e)(5)
(Vernon 2005).  Therefore, this offense,
as alleged, is a felony of the second degree. 
See id. § 71.02(b). 


            There is ample evidence that the
stolen truck and its contents were worth more than $20,000.00.  The owner testified that the purchase price
of the truck was $5,500.00.  He further
testified that the truck contained tools purchased for $23,000.00, an air
compressor purchased for $2,000.00, and a welder purchased for $2,300.00 with
$800.00 worth of leads, wires, and connectors. 
The victim claimed a value of $38,000.00 for the truck and contents, and
an itemized list of the stolen items was introduced.  On cross examination, the victim testified
that although the itemized list totaled only about $32,000.00, the higher
number was correct because the itemized list did not include various hoses and
other parts.[2]  

            Even applying a discount for
depreciation, a rational jury could have reasonably concluded that the value of
the stolen truck and contents was more than $20,000.00.  In fact, the victim testified that the tools
were particularly resistant to depreciation because they were specialized tools
used in the mining trade and held their value unless damaged.  

            Under a neutral review of the
evidence, both for and against the finding, we likewise hold that a rational
jury could have found beyond a reasonable doubt that the value of the stolen
truck and its contents was more than $20,000.00.  We overrule Appellant’s third issue.

 

Disposition

            We affirm the judgment
of the trial court. 

 

                                                                                                    JAMES T. WORTHEN                                                                                                               Chief Justice

 

 

Opinion
delivered July 12, 2006.

Panel consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

                                                

 

 

(DO
NOT PUBLISH)











[1] Appellant states that
Wixsome is an accomplice because he knew that the tiller was stolen when he
told the eventual buyer about it.  This
conclusion is not supported by the record. 





[2] The owner also
testified that the truck was worth $10,000.00. 
He thought the truck was worth more than he paid for it because he had
purchased it at an auction and because he had added a work bed to it.  A disinterested expert witness testified that
the truck was worth between $4,700.00 and $4,800.00 based on the year of the
truck and the odometer reading.